CHARLES W. CHAMBERLAIN, Appellant, v. MO.-ARK. COACH LINES, INC., a Corporation.—No. 39420.—189 S. W. (2d) 538.

Division One, October 4, 1945.

462

*Roger C. Slaughter* and *Frank O. Knight* for appellant.

*Alvin C. Trippe, Hale Houts* and *Hogsett, Trippe, Depping &
Houts* for respondent.

HYDE, P. J.—This is an action for $30,000.00 damages for personal injuries. A demurrer to plaintiff's petition was sustained and plaintiff has appealed from the judgment of dismissal.

The question for decision is whether plaintiff split his cause of action, so as to bar this suit, by separately suing and recovering for the wrongful death of his wife in the same collision, in Chamberlain v. Mo.-Ark. Coach Lines, Inc., 351 Mo. 203, 173 S. W. (2d) 57.

Plaintiff filed both suits on May 14, 1941. After affirmance of the judgment in the wrongful death case, plaintiff filed an amended petition herein in two counts. The first count stated the filing and adjudication of the wrongful death case and alleged that it was res judicata of the issues of actionable negligence of defendant and lack of contributory negligence of plaintiff. The second count was based only on the facts of the occurrence.

Plaintiff contends that his claim for damages for the death of his wife and his claim for damages for his personal injuries are separate and distinct causes of action, and that their joinder in the same suit is permissive and not mandatory. Defendant's position is that all claims for damages arising out of the same transaction or occurrence must be brought in one suit.

Defendant's position is too restricted. For example, several promissory notes may grow out of the same transaction, yet they constitute separate causes of action which can be separately maintained. [See 1 Am. Jur. 482, sec. 97.] Likewise, "the general rule is that an action for wrongful death is not precluded by a recovery in an action previously brought by the beneficiary for personal injuries to himself resulting from the same act of negligence which is alleged to have caused the death." [16 Am. Jur. 105, sec. 155; Annotations 104 A. L. R. 1477, 125 A. L. R. 909; 1 C. J. S. 1329, 1333, sec. 104.] So also, "where two persons are killed at the same time by the act of an-

other, a recovery for the killing of one is not a bar to an action against the same defendant for the killing of the other, although the same person brings both actions as administrator, and the beneficiaries are the same in both actions." [25 C. J. S. 1150, sec. 49.] There are also other situations in which several causes of actions have been held to arise out of a single tort, such as assault and slander [Spillman v. Freymann (Mo. App.), 246 S. W. 976]; injuries to both wife and child by the same wrongful act [Edgar v. Citraro (Cal. App.), 297 Pac. 653; see also Bradley v. Andrews, 51 Vt. 525]; a husband's action for wrongful death of his wife and an action for loss of consortium and expenses up to the time of her death, resulting from the injuries which caused her death [Mageau v. Great Northern R. Co. (Minn.), 115 N. W. 651, 15 L. R. A. (N. S.) 511, 14 Ann. Cas. 551]; and a husband's action for his own injuries and an action for loss of his wife's consortium resulting from injuries to her caused by the same wrongful act. [Skoglund v. Minneapolis Street Ry. Co. (Minn.), 47 N. W. 1071, 11 L. R. A. 222.] Tennessee has held the other way on the converse of this latter situation in Johnston v. Southern Ry. Co., 299 S. W. 785, 55 A. L. R. 932. [See discussion in 27 Am. Jur. 119, sec. 517.]

The rule against splitting a cause of action applies to bringing separate suits for different elements of damage of the same cause of action and not to bringing separate suits on separate causes of action arising out of the same transaction or occurrence. "One may bring separate suits on separate causes of action even if joinder of the separate causes in one action is permissible, subject, however, to the power of the court to order consolidation". [1 Am. Jur. 480, sec. 96; See also 1 C. J. S. 1306, sec. 102.] An example is cases of personal injury and damages to property caused by the same tort. "The rule followed in a majority of the states is that a single wrongful or negligent act or omission causing an injury to both the person and the property of the same individual, constitutes but one cause of action with separate items of damage; hence the cause of action cannot be split, and a recovery of a judgment for either item of damage may be pleaded in bar of an action to recover for the other item of damage." [Annotations 64 A. L. R. 663, 127 A. L. R. 1081.] However, the English rule, which is followed in some American states, is "that damage to goods and injury to the person, although the result of the same wrongful act, are infringements of different rights, and give rise to distinct causes of action; hence, a recovery under one cause of action cannot be pleaded in bar of a recovery on the other cause of action." [64 A. L. R. 670.] Missouri, as shown by this annotation, follows the majority rule in this situation. Therefore, the decisive question here is whether or not an action, under our wrongful death statute, is a separate action or can be classed as only a separate item

of damage (along with personal injuries ▇ and destruction of property) resulting from a single tort.

▇ Defendant relies principally upon Tooker v. Missouri Power & Light Co., 336 Mo. 592, 80 S. W. (2d) 691. [Citing also Hunter Land and Development Co. v. Caruthersville S. & H. Co., 223 Mo. App. 132, 9 S. W. (2d) 531; and Adams v. Thompson (Mo. App.), 178 S. W. (2d) 779.]. The Tooker case was ruled partly upon election of remedies (damages rather than recovery of possession); and, plaintiffs therein, having elected to sue for damages, it was held that (not being entitled to recover under the treble damage statute) all damages to their land from the trespass and appropriation not included in such action were barred. The second suit for additional damages was dismissed. The Hunter Land & Development case was also a case of recovery of only part of the damages sustained from wrongful entry upon land; plaintiff suing only for a part of the timber wrongfully cut by defendant on its land. For the reasons hereinafter stated we cannot agree with the statement made arguendo in Adams v. Thompson, supra, to the effect that separate actions for damages to plaintiff's automobile and for the wrongful death of his wife would be splitting his cause of action.

Plaintiff's claim for the wrongful death of his wife is unquestionably a separate and independent cause of action from his claim for his own injuries. We so held in Shaffer v. Chicago, Rock Island & Pacific R. Co., 300 Mo. 477, 254 S. W. 257. It is now well settled by our decisions that this action is "new in its species, new in its quality, new in its principle, in every way new", because the very purpose of our statute "was to give a cause of action where none existed at common law." [Cummins v. Kansas City Public Service Co., 334 Mo. 672, 66 S. W. (2d) 920; See also State ex rel. Thomas v. Daues, 314 Mo. 13, 283 S. W. 51; and Jordan v. St. Joseph Ry., L. H. & P. Co., 335 Mo. 319, 73 S. W. (2d) 205.] It arose at a different time in this case (when plaintiff's wife died) than did plaintiff's action for his own injuries. Moreover, this wrongful death action did not immediately vest in plaintiff, when it arose, but had to be appropriated by him within six months thereafter; and in the event of his failure to appropriate it, different parties would be entitled to it. [Secs. 3652-3654 (R. S. 1939) Mo. Stat. Ann.]

We have no statute which requires compulsory joinder of actions by a plaintiff. Sec. 917 (R. S. 1939) Mo. Stat. Ann., which was in force at the time both of these actions were commenced, is permissive only. [See Shaffer v. Chicago, Rock Island & Pacific R. Co., supra.] By its express language, it authorizes but does not compel joinder of "several causes of action . . . where they all arise out of . . . the same transaction or transactions connected with the same subject of action." In the Shaffer case, we construed the word "transaction"

to include "any occurrences or affairs the result of which vests in a party the right to maintain an action, whether the occurrences be in the nature of a tort or otherwise." Thus it is clear from the very terms of the statute that separate actions are not required to be joined even though they arise out of the same transaction. (Perhaps there should be either compulsory joinder or consolidation, now that our new code makes counterclaims compulsory when they arise out of the same transaction. Section 847.73 Mo. Stat. Ann., Code sec. 73, Laws 1943, p. 377.) We must, therefore, hold that plaintiff has not split his cause of action by bringing these two separate suits.

As to plaintiff's further contention that the former adjudication of the wrongful death action is res judicata of the issues of negligence in the present case, this is not presented by the record herein for decision on this appeal. The only ground urged by defendant in support of the trial court's ruling on its demurrer is that plaintiff was barred in this suit by splitting his cause of action. Since we have decided this against defendant, the cause must be remanded for trial. Plaintiff's petition still alleges negligence (which was not negligence of defendant's driver) not submitted in the wrongful death case. Defendant is certainly entitled to a trial on that issue, if plaintiff claims recovery on that ground. Furthermore, defendant might interpose different defenses—for example, a release. However, the authorities cited by plaintiff show that the same fact issues decided in the wrongful death case cannot be relitigated between these same parties herein. [In re McMenamy's Guardianship, 307 Mo. 98, 270 S. W. 662; Kimpton v. Spellman, 351 Mo. 674, l. c. 682, 173 S. W. (2d) 886, l. c. 891; Vaughn's Adm'r. v. L. & N. R. Co. (Ky.), 179 S. W. (2d) 441; Keith v. Willers Truck Service, 64 S. D. 274, 266 N. W. 256, 104 A. L. R. 1471; Voorhees v. Chicago & Alton R. Co., 208 Ill. App. 86; Gibson v. Solomon, 136 Ohio St. 101, 23 N. E. (2d) 996, 125 A. L. R. 903.]

The judgment is reversed and the cause remanded. All concur.