**Olive M. LEE, Appellant,**

v.

**Roy A. GUETTLER, Jr., Respondent.**

**Paul F. LEE, Appellant,**

v.

**Roy A. GUETTLER, Jr., Respondent.**

**No. 50944.**

Supreme Court of Missouri,

Division No. 1.

June 14, 1965.

**312**

James L. Muller, Kansas City, for appellants.

Charles Shangler, Kansas City, for respondent.

HYDE, Presiding Judge.

These are separate actions for damages for personal injuries by a husband and wife, asking $10,000.00 for husband and $15,000.00 for wife with a count for $10,-000.00 for loss of wife's services pursuant to Sec. 23-205, General Statutes of Kansas 1949. The injuries were sustained in a collision of automobiles in Kansas. Defendant's motion to dismiss these causes, combined for hearing thereon, was sustained and plaintiffs have appealed from the judgments of dismissal entered.

The ground alleged in the motion to dismiss was a prior final adjudication of plaintiffs' causes of action in a suit between the same parties. The adjudication relied on was in an action filed by plaintiffs jointly against defendant in the magistrate court of Jackson County for $350.00 for damages to the automobile owned by them in which they were riding at the time of the collision. Plaintiffs had judgment for $350.00 which was satisfied in open court before these suits were filed. Defendant's contention, which the trial court sustained, is that the magistrate court judgment is res judicata of all issues between the parties and that to permit plaintiffs to maintain these actions for personal injuries after the adjudication of their property damage claim in the magistrate court would permit them to split their causes of action.

Plaintiffs' contention is that the present claims of each of them individually are not on the same cause of action determined in the magistrate court because that claim was a joint claim for damage to the car owned by them jointly. On reason and authority, as hereinafter discussed, our conclusion is that plaintiffs' contention must be sustained.

The cases on which defendant relies are cases concerning two claims arising out of a single occurrence separately commenced by the same single plaintiff. Stoops v. Stoops, 363 Mo. 1075, 256 S.W. 2d 799; Grue v. Hensley, 357 Mo. 592, 210 S.W.2d 7; Dunn v. Pickard, Mo.App., 284 S.W.2d 6; Coy v. St. Louis and S. F. R. Co., 186 Mo.App. 408, 172 S.W. 446. They have no application to the situation here. In General Exchange Insurance Corporation v. Young 357 Mo. 1099, 212 S.W.2d 396, 400, also cited by defendant, we said: "It is generally held that the right to recover damages for injury to person and property arising out of the same occurrence constitutes a single cause of action. The rule, of course, applies only when the right of action for both personal injuries and property damage is in the same per-

son." We pointed out therein how there could be recovery in two separate suits, one for personal injuries and one for property damages, resulting from a single act of negligence, where under the circumstances of that case two separate parties were real parties in interest as to each of these claims.

 The majority rule, which we follow as defendant states, is that bringing separate suits for personal injuries and for property damages is splitting a cause of action and will not be permitted. General Exchange Ins. Corp. v. Young, supra; Chamberlain v. Mo.-Ark. Coach Lines, 354 Mo. 461, 189 S.W.2d 538, 161 A.L.R. 204; A.L.I. Restatement of Judgments, Sec. 62; 1 Am.Jur. 494, Actions, Sec. 113; 1 C.J.S. Actions § 104d, p. 1334. However, as we said in Chamberlain (189 S.W.2d 1. c. 539): "The rule against splitting a cause of action applies to bringing separate suits for different elements of damage of the same cause of action and not to bringing separate suits on separate causes of action arising out of the same transaction or occurrence. 'One may bring separate suits on separate causes of action even if joinder of the separate causes in one action is permissible, subject, however, to the power of the court to order consolidation.' 1 Am.Jur. 480, § 96." In that case, we held that the same plaintiff could bring separate suits for his own personal injuries and the wrongful death of his wife resulting from the same occurrence, because they were different causes of action. In this case, a husband and wife sustained personal injuries in the same collision, for which they each have a separate cause of action, as well as the right under Kansas law for the husband's loss of his wife's services. As to claims for personal injuries of a husband and wife being separate causes of action, see Watkins v. City of El Dorado, 183 Kan. 363, 327 P.2d 877, 881; Fields v. Anderson Cattle Co., 193 Kan. 558, 396 P.2d 276, 279; see also Adams v. Stockton, Mo.App., 133 S.W.2d 687, 688. As hereinafter shown, plaintiffs did not have separate causes of action for the damage to their car.

 "The rule against splitting a cause of action applies only where the several causes of action are between the same parties." 1 C.J.S. Actions, § 102, p. 1312; see also Restatement of Judgments, Comment b, Sec. 62, saying that the rule it states against splitting "presupposes a claim and judgment of a single plaintiff against a single defendant." That is not the situation here. The claims of Mrs. Lee and Mr. Lee are each separate claims against a single defendant. Neither has any interest in the claim of the other for his or her personal injuries; and neither is a necessary or proper party to the other's action. However, that is not true of the suit in the magistrate court for damages to their jointly owned automobile. "Joint owners of a chattel cannot, over the objection of the adverse party, separately sue the wrongdoer for an injury to or to recover the possession of the chattel, but all must join as parties plaintiff." 39 Am.Jur. 896, Sec. 32; see also Civil Rule 52.04(a); Restatement of Judgments, Sec. 103. This joint action of a husband and wife for damage to their jointly owned property is a separate and distinct action from the separate action each has a right to maintain for his or her own personal injuries.

This principle was established by this court in Duffy v. Gray, 52 Mo. 528, where two partners, in a joint suit, had recovered a judgment for injury to the partnership business on account of certain words of defendant. In a suit of a partner for slander by these words, it was held: "[T]he former recovery and satisfaction were not admissible, either as a bar, or in mitigation of damages." This court said: "This action is for a personal injury to the character of the plaintiff, and the former suit was for a joint injury to the trade and business of the firm of 'Duffy & Kincer.' The members of the firm could have no legal interest whatever in the personal character of each other. The slander to

the individual character of each member of the firm could not be a joint tort. It was necessarily a separate and distinct injury, for which a several, and not a joint action, could be maintained. (See also, Townsend on Slander, §§ 185 and 303; Haythorn et al. v. Lawson, 3 C. and P., 196.) The only damages the partnership could have recovered was for the injury to their joint trade and business.

This case is cited and followed in Adams v. City of Duluth, 175 Minn. 247, 221 N.W. 8, in which the home of Mr. and Mrs. Adams, husband and wife, was damaged by a gas explosion. Three actions were brought simultaneously, one by Mr. and Mrs. Adams for damages to their jointly owned house, one by Mrs. Adams for her personal injuries and one by Mr. Adams for loss of his personal property and loss of his wife's services. After judgment for plaintiffs in their suit for damages to their home, which was paid and satisfied, it was contended that plaintiffs had split their causes of action and were precluded from further proceedings. The court held the husband and wife were required to join in the suit for damages to their jointly owned house and there was no splitting of causes of action which could bar their separate individual actions.

Duffy v. Gray is also cited in Henderson v. United States Radiator Corporation, (C.C.A. 10th) 78 F.2d 674, in which plaintiff jointly with her husband obtained a judgment against defendant for damages to real and personal property jointly owned by them. Thereafter, the wife sued for her personal injuries and destruction of her personal property. As to the right to maintain the subsequent action, the court said: "A cause of action which accrues to a husband and wife jointly cannot be joined with one which accrues to one or the other alone. Joint tenants must join in an action for damages to their joint property. * * * It follows that the cause or causes of action in the instant case were separate and distinct from the cause of action in the former case, and that they could not have been joined in the same action."

Defendant suggests that now under Civil Rule 52.05 all the actions of plaintiffs could have been joined in one suit, which was not true at the time of Adams v. Stockton, supra (133 S.W.2d 1. c. 688) in which a demurrer for misjoinder of actions was sustained. However, the issue here is not whether separate actions may be joined but instead it is whether the actions, herein considered, are separate actions with different ownership. We hold that they are and for that reason plaintiffs' joint action in the magistrate court is not a bar to the present actions.

Defendant makes the further contention that the record does not disclose ownership in plaintiffs which required them to sue jointly in the magistrate court for property damage. Plaintiffs were husband and wife and brought the suit jointly in the magistrate court, stating in their petition that "plaintiffs were the owners of a certain 1954 Ford station wagon"; and that defendant ran into the rear "of plaintiffs' automobile * * * causing plaintiffs' automobile to be damaged." Furthermore, in the affidavit filed in support of defendant's motion to dismiss it is stated that the Ford was "owned jointly by the said Paul F. Lee and Olive M. Lee, his wife," and that "judgment was entered in favor of Paul F. Lee and Olive M. Lee" in the magistrate court action. In Kansas, where plaintiffs lived, "a joint tenancy may be created in personal as well as real property." Hewitt v. Biege, 183 Kan. 352, 327 P.2d 872, 875. This is likewise the law in Missouri. Longacre v. Knowles, Mo.Sup., 333 S.W.2d 67, 69. Defendant's contention is without merit.

The judgments of dismissal are reversed and causes remanded.

All concur.