**Rina NOLAN, Plaintiff-Appellant,**

v.

**Shirley M. KOLAR, et al.,
Defendants-Respondents.**

No. 43942.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 23, 1982.

Canice Timothy Rice, Thomas Gioia, St. Louis, for plaintiff-appellant.

Robert J. Koster, St. Louis, for defendants-respondents.

SNYDER, Judge.

This is an appeal from a dismissal with prejudice of an amended petition for an action of injurious falsehood resulting in slander of title, and for damages under § 443.130, RSMo 1978.[1]

Respondents' motion to dismiss argued the action was barred by the statute of limitations and because appellant improperly split her cause of action. The trial court did not give a reason for the dismissal. The judgment is affirmed in part and reversed in part.

The primary issue is whether the action is barred by the statute of limitations. For purposes of analysis this court assumes all allegations contained in the petition to be true. *Light v. Lang*, 539 S.W.2d 795, 797[1, 2] (Mo.App.1976).

In 1961 appellant and her husband borrowed money from the First North County Bank and Trust Company, now Landmark North County Bank and Trust Company. Appellant and her husband secured the loans by executing two notes and deeds of trust to the bank; one for $40,000 secured by property located at 3009 Arlmont and one for $75,000 secured by property located at 9400 Highway 67. Both parcels are located in St. Louis County, Missouri.

In 1965 appellant and her husband completed paying back the loans. On December 30, 1965 appellant asked the bank to acknowledge satisfaction of the notes and deeds of trust, but the bank refused. In 1967 the bank, through its agents Shirley M. Kolar and Leon Neuman, turned the notes and deeds of trust over to appellant's husband without notifying appellant and without marking the notes paid.

In 1973 appellant learned that the notes had not been cancelled. At that time appellant filed suit to quiet title to the property. By order of the Circuit Court of St. Louis

---

1. All statutory references are to RSMo 1978.

County on January 31, 1975 the notes were cancelled. On January 31, 1980 appellant filed the petition commencing the instant action.

Appellant's first point is that the statutes of limitations did not bar her actions. Appellant's action for slander of title falls under the five year statute of limitation found in § 516.120(4).

Appellant's claim for damages under § 443.130 is a forfeiture claim. Section 443.130 provides for forfeiture by the holder of the deed of trust to the aggrieved party of ten percent of the amount of the deed of trust, and other provable damages, for failure to acknowledge satisfaction of the deed of trust within 30 days of a rightful request. The limitation applicable to the § 443.130 forfeiture claim against the bank, a moneyed corporation, is six years and against the individuals is three years. §§ 516.400 and 516.420.

Appellant asserts neither statute of limitation started running until January 31, 1975 because the damage to appellant's title to the properties could not be ascertained until the cloud over the title was removed. Appellant's argument is not persuasive with regard to either action. However, a very limited amount of relief is available under the slander of title claim.

Section 516.100 defines when a civil cause of action accrues. The section provides, in part:

"[F]or the purpose of sections 516.100 to 516.370, the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment, and, if more than one item of damage, then the last item, so that all resulting damage may be recovered, and full and complete relief obtained."

The Missouri Supreme Court determined that the section follows the general rule that when an injury is complete as a legal injury at the time of the act the period of limitation will commence at once. *Davis v. Laclede Gas Co.*, 603 S.W.2d 554, 556[3]

(Mo.banc 1980). *See Rippe v. Sutter*, 292 S.W.2d 86, 90[10–13] (Mo.1956); *Follmer's Market v. Computer Accounting Service*, 608 S.W.2d 457, 459 (Mo.App.1980); *Allison v. Missouri Power & Light Co.*, 59 S.W.2d 771, 773 (Mo.App.1933).

The supreme court in *Davis*, however, determined that § 516.100 provided a special rule for certain narrowly defined types of injury. The court said, "If, on the other hand, the wrong may be said to continue from day to day, and to create a fresh injury from day to day, and the wrong is capable of being terminated, a right of action exists for damages suffered within the statutory period immediately preceding suit." *Davis v. Laclede Gas Co., supra* at 556[3].

Appellant's claim for slander of title falls within this rule. Appellant pleaded a continuous tortious cloud on her title from 1965 to 1975. Appellant also pleaded that the injury was terminated on January 31, 1975. Appellant, therefore, states a good claim for all "damages suffered within the statutory period immediately preceding suit."

The statutory period immediately preceding the suit is the five year period from January 31, 1975, when the St. Louis County Circuit Court judgment cancelled the notes, to January 31, 1980, the date appellant filed suit. Within this period appellant alleged damage on one day, January 31, 1975. Appellant may, therefore, maintain the slander of title action for that one day's damage.

Respondents argue that the statutory period ended on January 30, 1980 and appellant was one day late in any event. Respondents are mistaken.

*Davis* holds that in situations such as this one the statutory period begins anew each day for that day's damage. *Davis v. Laclede Gas Co., supra* at 556. The issue is therefore whether January 31, 1980, the date appellant filed her action, is within the statutory period for filing an action for the damage on January 31, 1975.

**664**

When a time period is computed under the computation of time statute, § 1.040, the first day is excluded and the last day is included. This computation rule is applicable to statutes of limitations. *White v. Teague,* 353 Mo. 247, 182 S.W.2d 288, 291[6] (Mo.1944); *Seested v. Dickey,* 318 Mo. 192, 300 S.W. 1088, 1094 (banc 1927). January 31, 1980 was therefore within the five year statutory period. Appellant may maintain her action for the one day's damage which occurred on January 31, 1975. A Pyrrhic victory, indeed.

Appellant's action under § 443.130, however, is barred. First, § 516.100 does not apply to the penalty and forfeiture statutes of limitations, §§ 516.400 and 516.420. Second, even if § 516.100 did apply, the general rule and not the continuous injury rule would apply to appellant's forfeiture claim.

When the bank failed to acknowledge satisfaction within 30 days of appellant's December 20, 1965 request the injury contemplated under the section was complete and the damages were determined. Appellant could, at that time, collect ten percent of the value of the deeds of trust. The statutory period, therefore, started in January, 1966 and ended three years later against the individuals, in January, 1969, six years later against the bank, in January, 1972.

Appellant argued that the statute permits recovery of any provable damages in addition to the forfeiture and that those damages were not ascertainable until the cloud was removed from the title. To delay the commencement of the running of the statute the damages must be an indispensable element of the claim. *Rippe v. Sutter, supra; Follmer's Market v. Computer Accounting Service, supra; Allison v. Missouri Power & Light Co., supra.* The additional damages that appellant relies on are not indispensable to a § 443.130 claim and, therefore, do not delay the commencement of the statute. The trial court properly dismissed the § 443.130 action as being barred by the statute of limitation.

Appellant's second point is that she did not improperly split her cause of action. Respondents do not even challenge this point in their brief. A claimant may bring separate and distinct causes of action separately even if they arise out of the same transaction. *Lee v. Geuttler,* 391 S.W.2d 311, 313[1–3] (Mo.1965); 1 Am. Jur.2d Actions § 130 (1962). *See Chamberlain v. Mo.-Ark. Coach Lines, Inc.,* 334 Mo. 461, 189 S.W.2d 538, 539–540[1, 2] (1945). Appellant's action for slander of title is separate from her 1975 action to quiet title. She, therefore, may bring the actions separately.

The judgment dismissing the § 443.130 claim is affirmed. The judgment dismissing the injurious falsehood claim is reversed and remanded.

REINHARD, P. J., and CRIST, J., concur.