**Polly LONG, Appellant,**

v.

**Walter WALTERS, Respondent.**

**No. 61416.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 7, 1992.

Thomas P. O'Driscoll, St. Louis, for appellant.

Joseph H. Mueller, Gregory T. Mueller, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Polly Long, appeals an order of the Circuit Court of the City of St. Louis dismissing her suit for personal injuries pursuant to Rule 67.03. We reverse and remand.

The instant case began on June 23, 1990, when appellant and respondent, Walter Walters, were involved in an automobile accident on Highway 267 near Reavis Barracks Road. On October 29, 1990, presumably pursuant to a subrogation agreement, Attorney Wally J. Pankowski filed a suit against respondent for property damages of less than $5,000.00. Although appellant was named plaintiff on the suit, Mr. Pankowski represented appellant's insurer's interest.

A settlement was eventually arrived at by the insurer and respondent, and an agreement to this effect was apparently approved by the insurer and respondent on February 8, 1991. The attorneys for the parties signed an order dismissing the suit with prejudice on February 25, 1991, but the document was never signed by appellant or respondent. In fact, appellant was never consulted regarding the terms of the settlement, and has filed an affidavit so stating. At no time did appellant retain an

attorney to represent her interest in the above suit.

On May 6, 1991, appellant filed a petition in the Circuit Court of the City of St. Louis claiming damages for personal injuries arising out of the same automobile accident as the above property damage claim. Relying on the February 25, 1991, dismissal with prejudice, respondent filed a motion for summary judgment on August 29, 1991. The court sustained respondent's motion on December 18, 1991, and this appeal ensued.

Appellant claims the trial court erred by sustaining respondent's motion for summary judgment because the dismissal with prejudice of the previous property damage action is not *res judicata* regarding the instant personal injury case. We remand for further findings.

The main argument of the parties centers around whether a Rule 67.03 dismissal with prejudice operates as an adjudication on the merits. In *Denny v. Mathieu*, 452 S.W.2d 114 (Mo. banc 1970), the court held a dismissal with prejudice merely served to terminate litigation and was not an adjudication on the merits. *Denny*, 452 S.W.2d at 119. However, a more fundamental procedural issue, that of compulsory joinder, is barely mentioned by the parties here, and the outcome of the suit hangs on its determination.

The factual situation in the instant case raises the issue of compulsory and permissive joinder of claims. This issue, which is dealt with by rules in other courts, has not been so codified in Missouri. Rule 55.06(a) provides:

> (a) **Joinder of Claims.** A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal or equitable, as he has against an opposing party.

Obviously, the Rule fails to state what claims must be joined in a suit arising from a single circumstance, act or transaction. ▮ While the Rules are silent, Missouri does have a strong common law bias against the splitting of claims. The general rule in cases such as this one is that the splitting of claims is not allowed. *Lee v. Guettler*, 391 S.W.2d 311, 313 (Mo.1965); *Hagen v. Rapid American Corp.*, 791 S.W.2d 452, 455 (Mo.App., E.D.1990). This doctrine arises from the judicial desirability of litigating all claims in one suit rather than wasting the court's time on separate lawsuits for separate claims between the same parties arising from the same transaction. *Hall v. W.L. Brady Investments, Inc.*, 684 S.W.2d 379, 383 (Mo.App., W.D. 1984). The rule is thus designed to discourage a multiplicity of law suits. *Burke v. Doerflinger*, 663 S.W.2d 405, 407 (Mo. App., E.D.1983). Application of the rule, when warranted, makes adjudication of the first suit a bar to the second. *Eugene Alper Const. Co., Inc. v. Joe Garavelli's of West Port, Inc.*, 655 S.W.2d 132, 135 (Mo. App., E.D.1983). The second suit has only been allowed in situations where (1) the parties are different, *Erwin v. Bertelsmeyer*, 730 S.W.2d 302, 303 (Mo.App., E.D. 1987), (2) the claims arose from different acts or circumstances, *Eugene Alper*, 655 S.W.2d at 135, or (3) evidence needed to sustain the actions is different. *Id.*

In *General Exchange Ins. Corp. v. Young*, 206 S.W.2d 683 (Mo.App., St.L.Ct. App.1947), this court faced a similar situation to the one presented here. Pursuant to an automobile accident, the aggrieved driver filed a suit for personal injuries against defendant, the driver who caused the accident, and assigned the portion of her suit dealing with property damage to her insurance carrier, the plaintiff. Approximately six months later, the insurance company filed a suit against defendant for the property damage to the aggrieved driver's car. Before the property damage claim could be heard, the aggrieved driver settled her personal injury suit and executed a release therefor. Defendant thereafter asserted the insurance company's property damage claim should be barred by the prior settlement and release. This court held the defendant had impliedly consented to the splitting of the action. *Young*, 206 S.W.2d at 689. This court also held that since the defendant had actual knowledge of both the aggrieved driver's

rights of action as well as her assignment of her property damage claim, the settlement could not bind the other party. *Id.* The insurance company's property damage suit was allowed because the plaintiff insurance company was a party separate from the aggrieved driver, the defendant knew of both causes of action, and the defendant had impliedly consented to the splitting of the action. *Id.*

■ The case before us, while similar, has some important differences. In *Young,* the second suit was filed while the first suit was still pending. In the instant case, however, the second suit was not filed until after the first one was settled, making it more likely that respondent herein was utterly without notice of appellant's personal injury claim. However, since the record before us is silent on the issue of notice, we cannot even guess about what the defendant knew or should have known. Such a determination is uniquely within the province of a trial court.

Moreover, though we find it unlikely, it is altogether possible respondent consented, by implication, to the splitting of the instant cause of action. Again, this determination is not for us to make; this question requires resolution by a trial court. If, on remand, the trial court finds respondent implicitly consented to the split, appellant's case may be maintained. If not, it appears to us appellant's case would require dismissal.

Lastly, we note the record before us is so incomplete it prevents any decision. Often, cases like this one are governed by the terms of the subrogation agreement. However, we are provided no such agreement in the record. Therefore, a full appellate analysis of this case is impossible.

For determinations of notice, implied consent, and examination of the subrogation agreement, this case is remanded to the circuit court.

REINHARD, P.J., and CRANE, J., concur.