Barbara McCRARY, Appellant,

v.

TRUMAN MEDICAL CENTER, INC.,
and Edward L. Mosby, D.D.S.,
Respondents.

No. WD 50891.

Missouri Court of Appeals,
Western District.

Dec. 26, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 30, 1996.

Application to Transfer Denied
March 26, 1996.

H. George Lafferty, Jr., Kansas City, for appellant.

Timothy Frets, Kansas City, for respondents.

Before SPINDEN, P.J., and BRECKENRIDGE and SMART, JJ.

SPINDEN, Presiding Judge.

In 1993, Barbara McCrary sued Truman Medical Center and Edward L. Mosby, a Kansas City dentist, for malpractice. She appeals the circuit court's granting summary judgment for Truman Medical Center and Mosby on the ground that the statute of limitations barred her lawsuit. We affirm.

Mosby first examined McCrary on January 27, 1986, concerning her complaints of jaw pain. Mosby put an implant in McCrary's left jaw on April 3, 1986. She returned to his office for examinations seven times until her last visit that year on October 20, 1986. She did not return to Mosby's office until March 8, 1988, when she complained of continued pain. Mosby recommended removing the implant, but she declined. Although Mosby made an appointment to examine her again in April 1988, she did not return to his office until after Mosby wrote her on March 11, 1991, to inform her that the United States Food and Drug Administration had issued a "safety alert" concerning her implant. She allowed Mosby to examine her on March 25, 1991, and to remove the implant on April 25, 1991. She went to his office three more times in 1991 after he removed the implant. Her last visit was on May 13, 1991.

McCrary sued Truman Medical Center on March 10, 1993. She added Mosby as a defendant on June 24, 1993. Truman Medical Center and Mosby filed a motion for summary judgment in which they contended that McCrary's claim was barred by the two-year limitation of § 516.105.[1] In granting the summary judgment, the circuit court reasoned:

> [Mosby] recommended removal of the implant on March 8, 1988 and [McCrary] waited three years, until March of 1991, to have the implant removed. [McCrary's] two year period of limitations ran from March 8, 1988 and expired on March 8, 1990. [McCrary's] action is out of time, there was no continuing treatment [to] extend [her] two year statute of limitations to the date of filing of this action.

McCrary argues that the circuit court's granting summary judgment for the defendants on the basis of the statute of limitations was wrong because: (1) Mosby did not inform her of the implant's harmful effects on March 8, 1988, so the defendants should be "equitably estopped" from invoking the limitations statute until April 25, 1991, when Mosby removed the implant; (2) Mosby's continuous treatment of McCrary tolled the running of the limitations statute; and (3) this is a case of first impression in Missouri and, therefore, "inappropriate to decide ... under summary judgment procedures." We find no merit in any of the points.

McCrary argues for the first time in this appeal that, because she alleged that Mosby intentionally concealed the implant's dangers

1. All statutory references are to the Missouri Revised Statutes 1994.

from her, equitable estoppel should toll the running of the limitations statute.[2] We disagree.

■ The purpose of the doctrine of equitable estoppel is to bar a party from taking inequitable advantage of a predicament he or she has caused. To the extent that Truman Medical Center or Mosby induced McCrary to delay her suit until after the period allowed by the statute of limitations had expired, the law recognizes that they should be estopped, as a matter of equity, from invoking the limitations defense. The Supreme Court of Missouri has articulated the rule as estopping "a defendant ... from setting up the statute where, his conduct, though not fraudulent, has nevertheless induced the plaintiff to delay bringing suit until after the expiration of the statutory period." *Sugent v. Arnold's Estate*, 340 Mo. 603, 101 S.W.2d 715, 718 (1937).

McCrary did not demonstrate that Mosby induced her to delay filing her lawsuit. Mosby made no promises or representations to McCrary to persuade her not to sue him. He merely continued treating her.

■ In arguing for equitable estoppel, McCrary accuses Mosby of intentionally not informing her that the implant was defective. She contends that Mosby knew when he put in the implant in her jaw that it would have ill effects. She argues "that such conduct operated to equitably estop [Mosby and Truman Medical Center] from asserting the statute of limitations as a defense during the period from March 8, 1988 and until the date of her second operation for the removal of the Implant."

■ We disagree. McCrary's allegations articulate a possible cause of action for intentional tort or for fraud, but she does not accuse Mosby of intentional tort or fraud. In trying to shape an estoppel argument, she contends, in effect, that Mosby should have told her that she had a cause of action against him so she would not have let the

statute of limitations expire. This is wrong. A potential defendant has no obligation to *inform* a potential plaintiff that he or she has a cause of action. *Gilliam v. Gohn*, 303 S.W.2d 101, 107 (Mo.1957); *Mason v. Whyte*, 660 S.W.2d 383, 387 (Mo.App.1983).

McCrary next argues that Mosby's treatment of her was continuing, so the statute of limitations was tolled. We disagree.

■ On March 8, 1988, after Mosby told McCrary that the implant was not successful and should be removed, McCrary terminated his treatment of her. She did not keep an appointment for April 1988, and she did not return for three years. We can hardly deem this continuous treatment. She did return in 1991 so Mosby could resume treating her, but she does not complain of any negligence in connection with Mosby's treatment in 1991.

■ McCrary's final contention that a case of first impression should not be decided under summary judgment lacks any merit. This is not a case of first impression. Even if it were, the circuit court was obligated to grant summary judgment for any party who satisfied Rule 74.04 without regard for whether the matter was one of first impression.

All concur.

---

2. Section 516.280 says, "If any person, ... by any ... improper act, prevents the commencement of an action, such action may be commenced within the time herein limited, after the commencement of such action shall have ceased to be so prevented." McCrary does not rely on this statute in making her equitable estoppel argument, so we do not consider whether it is applicable.