Barbara McCRARY, Appellant,

v.

TRUMAN MEDICAL CENTER, INC., Respondent.

No. WD 52598.

Missouri Court of Appeals, Western District.

Feb. 25, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 1, 1997.

Application to Transfer Denied May 27, 1997.

H. George Lafferty, Jr., Kansas City, for appellant.

Timothy Frets, Kansas City, for respondent.

Before ULRICH, C.J., P.J., and HANNA and SPINDEN, JJ.

PER CURIAM.

This is an action for damages brought by Ms. Barbara McCrary against the Truman Medical Center ("TMC") in the circuit court of Jackson County. Plaintiff's March 7, 1995 petition asserts a 402A strict liability tort action against TMC and a claim for punitive damages. The hospital raised a number of arguments in support of its motion for summary judgment, which was sustained by the trial court.

This is the second trip to this court for the parties. Ms. McCrary initially filed a medical malpractice action ("McCrary I") on March 10, 1993, against TMC. The petition was later amended to include Dr. Edward L. Mosby, who performed the surgical procedure on the plaintiff. McCrary I was a malpractice claim arising out of the April 3, 1986 surgery, during which the plaintiff received an interpositional implant in her jaw at the hospital. The purpose of the implant was to replace the articulating surface of the temporomandibular joint, which is the joint connecting the upper and lower jaw. See In re TMJ Implants Prods. Liability Litigation, 872 F.Supp. 1019, 1021 (D.Minn.1995), summ. judgment granted, claim dismissed, 880 F.Supp. 1311 (D.Minn.1995), aff'd, 97 F.3d 1050 (8th Cir.1996). On December 22, 1994, the circuit court dismissed McCrary I, holding that plaintiff's claims were barred by the two-year statute of limitations. Section 516.105, RSMo 1994. The plaintiff's appeal of the dismissal of her suit was affirmed by· this court. McCrary v. Truman Medical Ctr., 916 S.W.2d 831 (Mo.App.1995).

The underlying lawsuit in this appeal was filed March 7, 1995. In this case, the plain-

tiff maintains a strict liability petition against TMC. As in *M c Crary I*, the claim arises out of the surgery and implant of April 3, 1986.

The factual background of *M c Crary I* is that the plaintiff was first examined for jaw pain complaints on January 27, 1986 by Dr. Mosby. The implant referred to was inserted on April 3, 1986. Ms. McCrary remained under Dr. Mosby's care from that point until October 20, 1986. On March 8, 1988, Ms. McCrary sought Dr. Mosby's care, and he advised her to have the implant removed. She declined. She had another appointment scheduled in April of 1988, but failed to keep it.

The implant was manufactured by Vitek, Inc. The Food and Drug Administration issued a safety alert cautioning against damage that could result from the implant, and it urged dentists to contact their patients. On March 11, 1991, Dr. Mosby contacted his implant patients, including the plaintiff. On April 25, 1991, the plaintiff had her implant removed by Dr. Mosby at TMC.

■ The court of appeals will review a summary judgment ruling as it would any court-tried or equity proceeding and if it can affirm the judgment under any theory, it will do so. *Irwin v. Wal–Mart Stores, Inc.*, 813 S.W.2d 99, 101 (Mo.App.1991).

■ When the trial court sustained TMC's motion for summary judgment, it did not delineate the grounds upon which it granted the motion. If a grant of a summary judgment is sustainable on any theory, it must be sustained. *Oetting v. Missouri Osteopathic Found.*, 806 S.W.2d 150, 153 (Mo. App.1991). The trial court is presumed to have based its decision on any or all of the grounds advanced by the movant in its motion for summary judgment. *See Schwartz v. Lawson*, 797 S.W.2d 828 (Mo.App.1990). The primary concern of this court is the correctness of the result reached. *Richardson v. Collier Bldg. Corp.*, 793 S.W.2d 366, 376 (Mo.App.1990).

■ The resolution of this case involves the closely related principles of splitting a cause of action and *res judicata*. They both involve a policy of the law to prevent multiplicity of suits. *Dunn v. Pickard*, 284 S.W.2d 6, 9–10 (Mo.App.1955). The defendant contends that the plaintiff has split her cause of action and attempted to try a single claim in a piecemeal fashion. Although a number of points are raised on appeal, this one is dispositive.

■ Generally, the test used to determine whether a cause of action is single and cannot be split is: (1) whether the separate actions brought arise out of the same act, contract or transaction, or (2) whether the parties, subject matter and evidence necessary to sustain the claim are the same in both actions. *Eugene Alper Constr. Co. v. Joe Garavelli's of West Port, Inc.*, 655 S.W.2d 132, 135 (Mo.App.1983). Missouri's strong bias against the splitting of claims arises from the judicial desirability of litigating all claims in one suit rather than wasting the court's time on separate lawsuits for separate claims between the same parties arising out of the same transaction. *Long v. Walters*, 833 S.W.2d 38, 39 (Mo.App.1992). The purpose of the general rule against the splitting of claims is to discourage a multiplicity of lawsuits. *Id.* Adjudication of the first case, when the rule is applied, acts as a bar to the successful prosecution of the subsequent case. *Id.* The prohibition against splitting a cause of action is not applicable where the parties are different, *Irwin v. Bertelsmeyer*, 730 S.W.2d 302, 303 (Mo.App. 1987), or where the claims arise from different acts or circumstances, *Eugene Alper*, 655 S.W.2d at 135, or where evidence needed to sustain the actions is different. *Id.*

In *M c Crary I*, the plaintiff's petition alleged:

> [O]n the 3rd day of April, 1986, Dr. Mosby did perform surgery on Plaintiff wherein a medical device known as a temporomandibular joint interpositional implant was inserted into the mouth and jaw of the Plaintiff. . . .

Likewise, in her petition in the underlying action, the plaintiff alleged that:

> [O]n or about April 3, 1986, Plaintiff underwent surgery at Truman Medical Center, Inc. wherein one (1) temporomandibular "Protoplast" interpositional implant (i.e. the "Product") manufactured by Virtek,

Inc., was sold/ (sic) and or supplied for purposes of Mo.Rev.Stat. 537.760 by Defendant to Plaintiff and was implanted into Plaintiff's left temporomandibular joint.

■ Both petitions are grounded on the "defective" product, i.e. the interpositional implant, manufactured by Vitek, Inc. In the first petition, there are eight allegations of wrongdoing. The eight allegations may be summarized as that TMC either knew or should have known that the "implant device" was defective or TMC failed to inform plaintiff of the defective implant device. In the second petition, the cause of action rests on the defective condition of the implant that was "sold/ and(sic) or supplied by defendant to plaintiff." The plaintiff alleges in both petitions that all of her damages were a "direct result of such defective condition" of the implant.

The plaintiff acknowledges that both lawsuits arose out of the same transaction or occurrence at TMC—the implantation of the interpositional implant, but contends that her causes of action are separate and distinct. She claims that *M c Crary I* was an malpractice action and governed as to damages by the provisions of §§ 538.210 and 538.220. Whereas, she argues, the second underlying lawsuit proceeds under the provisions of § 537.760.

In *M c Crary I*, the plaintiff sought to hold the defendants liable for providing her with an allegedly defective implant and/or failing to inform her of the allegedly defective implant. Similarly, in the underlying lawsuit, plaintiff seeks to hold the defendant liable for selling or supplying her with the very same implant. *M c Crary I* and the underlying lawsuit arise out of the same act or transaction and, for all intents and purposes, the parties are identical.[1]

The plaintiff cites *Chamberlain v. Mo.–Ark. Coach Lines, Inc.*, 354 Mo. 461, 189 S.W.2d 538, 539–40 (1945), where the court held that the husband's own personal injury claim was divisible from the wrongful death claim he asserted for the death of his wife. In *Lee v. Guettler*, 391 S.W.2d 311, 313 (Mo. 1965), the court held that, subject to consoli-dation, the husband and wife could maintain separate causes of action for their own personal injuries and loss of services against the same defendant. *Id.* at 313. In *Nolan v. Kolar*, 629 S.W.2d 661, 662 (Mo.App.1982), the appellant/wife and her husband borrowed money from the bank secured by two promissory notes and two deeds of trust. The loans were paid off and the wife asked the bank to acknowledge satisfaction, but the bank refused. *Id.* at 662. Subsequently, the wife discovered that the notes had not been cancelled and filed suit to quiet title to the property. *Id.* Apparently successful, the notes were cancelled by order of the court. *Id.* at 663. Five years later she sued for slander of title. *Id.* The Eastern District concluded that the slander of title action was separate and distinct from the prior action to quiet title. *Id.* at 664.

The three cases cited by plaintiff, *Lee*, *Chamberlain* and *Nolan*, are inapplicable to the present lawsuit. This case is more nearly factually similar to *Eugene Alper*, 655 S.W.2d 132, where the court held that the claim in the first action for the value of goods provided and services rendered bars the claim in the second action for fraudulently inducing the plaintiff to provide those goods and services. *Id.* at 135–36. The court held these actions to constitute a single cause of action which could not be split because they arose out of the same transaction. *Id.* at 136.

■ *M c Crary I* is a medical malpractice action against the dentist and the hospital for injuries sustained caused by the implant. The plaintiff alleged throughout the *M c Crary I* petition that the implant was "defective" and summary judgment was granted because plaintiff's claims were time barred by § 516.105, RSMo. The underlying lawsuit was filed three months subsequent to the trial court's summary judgment ruling. The underlying controversy pertains to the provision of health care services and is identical, for all intents and purposes, to *M c Crary I*. All claims arising out of the same subject matter should be determined in one action.

1. The first lawsuit was brought against both TMC and Dr. Mosby.

*Hall v. W.L. Brady Invs. Inc.*, 684 S.W.2d 379, 383 (Mo.App.1984).

Because we find this issue dispositive, we need not decide the other issues raised.

Judgment of the trial court sustaining the defendant's motion for summary judgment is affirmed.