# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2023

_____

| | | |
|---|---|---|
| John B. Holway, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Negro Leagues Baseball Museum, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted:  February 5, 2008
Filed:  February 12, 2008

_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Following a jury trial, John B. Holway appeals the district court's[1] adverse judgment holding that his claims against the Negro Leagues Baseball Museum, Inc. (NLBM) were barred by the applicable statute of limitations. Upon careful consideration, we find Holway's arguments on appeal to be without merit, and we affirm.

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

First, NLBM did not waive its statute-of-limitations defense by failing to cite the specific statute in its answer. See Fed. R. Civ. P. 8(b) (party shall state defenses in short and plain terms), (c) (party shall set forth affirmative defenses such as statute of limitations); Buttice v. G.D. Searle & Co., 938 F. Supp. 561, 565 (E. D. Mo. 1996) (rejecting argument that defendant was required to include in answer specific statute of limitations; holding Rule 8(c) was satisfied where answer stated, "Plaintiff's claims are barred by the applicable statute of limitations").

We further conclude that the district court did not plainly err in submitting to the jury an instruction--to which Holway did not object--related to NLBM's statute-of-limitations defense. Contrary to Holway's arguments, there was ample evidence at trial supporting the submission of the jury instruction. See Slidell, Inc. v. Millenium Inorganic Chems., Inc., 460 F.3d 1047, 1054 (8th Cir. 2006) (while district court's jury instructions are generally reviewed for abuse of discretion, review is for plain error if challenging party failed in district court to object to instruction and state grounds therefor; under plain-error standard, review is confined to exceptional cases where error has seriously affected fairness, integrity, or public reputation of judicial proceedings). Likewise, there was sufficient evidence to support the jury's verdict. See id. at 1057 (rejecting appellant's argument that no evidence supported jury finding of waiver of breach of contract; "We construe this argument as one based on Federal Rule of Civil Procedure 59. Under this rule, the district court's denial of a new trial is virtually unassailable, and we will reverse only when there is an absolute absence of evidence to support the jury's verdict.")

We also find no merit to Holway's newly asserted equitable-estoppel argument challenging NLBM's statute-of-limitations defense. See McCrary v. Truman Med. Ctr., Inc., 916 S.W.2d 831, 833 (Mo. Ct. App. 1995) (equitable estoppel requires defendant to have induced plaintiff to delay bringing suit until after statutory period expired; doctrine did not apply where defendant made no promises or representations to plaintiff to persuade her not to file suit).

Finally, because the issue of damages is moot, we need not consider Holway's challenge to the district court's exclusion of his damages expert as a trial witness.

The judgment is affirmed.

_____