SALLIE B. WEATHERS, Respondent, v. THE KANSAS CITY SOUTHERN RAILWAY CO., Appellant.

Kansas City Court of Appeals, April 3, 1905.

1. NEGLIGENCE: Joint Tortfeasors: Action.	Joint tortfeasors, are jointly and severally liable, and where two are sued the recovery may be against either according to the proof.

2. ————: ————: Judgment: Error.	Judgment was rendered against joint tortfeasors. The court set the same aside as to one; the other appealed. *Held*, the action did not impair the judgment against the appellant and the error consisted in not disposing of the case as to the other.

3. ————: ————: ————: ————: Parties: Practice.	The rules that where one cannot be liable without the others the judgment must be against all does not apply here; but the rule that where the judgment is against one without a disposition as to the other defendants, the cause must be reversed and remanded with directions, is to be followed in this case.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

REVERSED AND REMANDED (*with directions*).

*S. W. Moore* and *Cyrus Crane* for appellant.

(1)	The judgment in this case is in its nature an entirety, and the court committed error in sustaining the motion of the defendant, the Missouri Pacific Railway Company, for a new trial and in overruling that of the defendant, The Kansas City Southern Railway Com-

pany.  R. S. 1899, sec. 773; Beshears v. Banking Assn., 73 Mo. App. 293; Sater v. Hunt, 75 Mo. App. 468; Seay v. Sanders, 88 Mo. App. 478; Holborn v. Naughton, 60 Mo. App. 100; Miller v. Bryden, 34 Mo. App. 602; McCord's Administrator v. McCord, 77 Mo. 166; R. S. 1899, sec. 2870; Spalding v. Bank, 78 Mo. App. 374; Iron Co. v. Rice, 179 Mo. 480.

(2)  Plaintiff's first and only instruction was clearly erroneous.  2 Thompson on Trials, sec. 2314; Clark v. Loan Co., 46 Mo. App. 248; Clark v. Fanley, 30 Mo. App. 335; Fleischmann v. Miller, 38 Mo. App. 177.

*A. F. Smith, Boyle & Guthrie* for respondent.

(1)  If the judgment finally entered was an improper and illegal one because final as to the Kansas City Southern and not as to the Missouri Pacific, it was an error apparent upon the face of the record, and the Kansas City Southern by failing to file a motion in arrest of judgment after the status of the judgment was at last established waived the right to complain thereof. Berkson v. Railway, 144 Mo. l. c. 216; Miller v. Bryden, 34 Mo. App. l. c. 608.

(2)  As the liability of the Missouri Pacific and the Kansas City Southern respectively depended upon different facts and acts, it was proper to sustain a motion for a new trial as to one and overrule a motion for a new trial as to the other.  Bank v. Umrath, 55 Mo. App. 49; Holbern v. Naughton, 60 Mo. App. 102.

(3)  Where the result below is not final as to all the parties, but proper as to one or more of them, an appellate court may remand with instructions to let the verdict stand as to the party or parties as to whom it is proper, to let further proceedings  be had as to other party, and let final judgment as to all the parties await the final disposition of the case.  Cox v. Bright, 65 Mo. App. 421.

(4)  Where the judgment is proper as to one of the

parties defendant, but not as to other defendants, the plaintiff is entitled to make the judgment final as to the party against whom it is proper, by dismissal as to all other parties. Bank v. Umrath, 55 Mo. App. l. c. 49.

(5) And in such case the Appellate Court may remand and direct that the cause below be dismissed as to the parties against whom the judgment is proper, and thereby make same final; or it may remand with directions to make the judgment final, if the parties against whom the judgment is not proper are voluntarily dismissed. McCord, Admr., v. McCord, 77 Mo. 175; Neenan v. St. Joseph, 126 Mo. 97.

BROADDUS, P. J.—The plaintiff sued the appellant and the Missouri Pacific Railway company for damages as the result of an injury alleged to have been caused by the negligence of the two companies. There was a verdict and judgment against both. On motion, the verdict and judgment against the latter company was set aside, and the motion of the appellant to set aside the verdict and grant a new trial was overruled. The judgment was appealed from by appellant. There was no dismissal of the action as to the Missouri Pacific Railway company.

In the first place, appellant contends that the action was for the joint negligence of both companies and that plaintiff was not entitled to a separate judgment against either; and, furthermore, that if the evidence showed any negligence it was the joint negligence of both defendants; therefore, there could be no separate finding. The verdict of the jury was as follows: "We, the jury, find the issues for the plaintiff against both defendants, and do assess her damages at two thousand dollars." The petition alleges: "That while such passenger on said company's train, through the negligence . . . on the part of both defendants and their servants," the collision occurred. The evidence clearly indicated that

without appellant's negligence the injury to plaintiff would not have been received.

It was shown that plaintiff was a passenger on a Missouri Pacific train on her way to Kansas City, and that he was injured as a result of a collision of defendant's trains at or near the crossing of First and Gilliss streets in said named city on the morning of the 25th day of December, 1903. It was shown that as the appellant's train approached the crossing in question the grade of the track was downward, and although the engineer saw that the arm of the semaphore indicated that he should not cross, he was unable to stop his train before the collision because his air brakes were not not in a condition to be used, as they were not connected. The other company's train had been signaled to cross and was passing over slowly when it was perceived that appellant's train would collide with it. Therefore, the engineer stopped his train, as it was safer in a collision at a standstill than while moving, It is practically admitted that the flagman at the crossing, who was in the service of both campanies, was guilty of negligence in giving the signals to the two trains, and that his acts in that respect contributed to bring about the collision.

In the first place, it may be well to state that it is immaterial whether the action against defendants is, or is not, a joint proceeding. We are inclined to the opinion that it is the former. It has long been the settled law that joint tortfeasors are jointly and severally liable. Addison on Torts (Wood's edition), sec. 1321; Stanley v. Railway, 114 Mo. 606. It follows, therefore, that notwithstanding plaintiff sued defendants jointly, she could recover against either upon proper proof. During any state of the proceedings she could have dismissed as to one defendant and proceeded as to the other. But she succeeded in obtaining judgment against both.

The action of the court in setting aside the finding and judgment as to appellant's codefendant did not have the effect in any respect of impairing the judgment as it

then stood. The error consists, if any, in the failure of the court to dispose of the case against the Missouri Pacific Railway company. It is conceded, as a matter of course, that there can be only one final judgment. Seay v. Sanders, 88 Mo. App. 478; Sater v. Hunt, 75 Mo. App. 468; Holborn v. Naughton, 60 Mo. App. 100; Beshears v. Banking Assn., 73 Mo. App. 293, and many other cases.

Had plaintiff dismissed her suit against the Missouri Pacific Railway company the judgment would have been regular, because the appellant's liability while joint with that of its codefendant was also a several liability. Therefore, it does not come within the rule announced in Holborn v. Naughton, supra, where the liability of one of three defendants did not exist without that of the others. But the case comes within the rule announced in McCord's Admr. v. McCord, 77 Mo. 166, where a judgment was rendered against one defendant only, and no disposition of the case was made as to the other defendants who were not necessary parties to the action. The court reversed and remanded the cause with directions to enter a judgment against defendant McCord and dismiss as to his codefendants. A similar order made in this case would prejudice no right of defendant, as its right of contribution, if any, against its codefendant would not thereby be impaired.

For the error noted the cause is reversed with directions to the circuit court to enter up judgment against appellant and dismiss as to its codefendant. All concur.