## DAVID C. ROBERTS, Appellant, v. VIRGINIA L. NEAL, Respondent.

### Kansas City Court of Appeals, May 17, 1909.

RES ADJUDICATA: Former Suit: Dismissal of Items: Matters Adjudicated: Evidence: Remedy. Plaintiff brought an action for goods sold and delivered. The answer set up the fact that the same items had been presented in a former suit brought by the plaintiff against the defendant and later dismissed from said former suit, whereupon the said cause proceeded to final judgment in favor of the plaintiff and the answer averred that plaintiff's present cause of action was extinguished by the said judgment. The reply admits that the items were included in the former suit and dismissed, but denies that the plaintiff is concluded thereby. The defendant moved for judgment on the pleadings, which was sustained. *Held,* the subject-matter and the remedies sought in the two actions are the same and the evidence as to both is the same with an immaterial difference and that the motion for judgment was properly sustained.

Appeal from Carroll Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*Lozier, Morris & Atwood* and *Martin E. Lawson* for appellant.

(1) The former suit was not *res adjudicata* as to the dismissed item. It was not the same subject-matter. While in the former suit recovery was had for money had and received, this is a suit on account. It will not be *res adjudicata* merely because it might have been litigated in said former suit. Garland v. Smith, 164 Mo. 22; Lincoln Trust Co. v. Nathan, 122 Mo. App. 327; Barkhoefer v. Barkhoefer, 93 Mo. App. 381; Hingston v. Montgomery, 121 Mo. App. 467. (2) The account was not paid by being credited on the note which caused the former suit. The note did not exist, as both parties agree that it was paid off December 4, 1897, and that

the attempt to credit it on the note occurred January 1, 1905. There being no note in existence the minds of the parties did not meet and no contract of payment of the account resulted. Johnson-Brinkman Co. v. Bank, 116 Mo. 570; State ex rel. v. Wagers, 47 Mo. App. 438. (3) The account was unpaid, and remained a subject of action because the medium of payment failed. It was as if a worthless check had been given in payment for the account. *Res adjudicata* would not apply unless the attempt to credit the account on a paid note, constituted payment of said account. Johnson-Brinkman Co. v. Bank, 116 Mo. 570; State ex rel. v. Wagers, 47 Mo. App. 438; 9 L. R. A. (first series) 263. (4) The account was unpaid for want of consideration. Wharton v. Foundry Co., 1 Mo. App. 577; Macfarland v. Heim, 127 Mo. 327; Brownlow v. Wollard, 66 Mo. App. 636; German v. Gilbert, 83 Mo. App. 411; Clark v. Robertson, 115 S. W. 514. (5) The account being a different subject-matter from the money had and received on the liquidated note, Roberts did not split his demand by suing separately. Barkhoefer v. Barkhoefer, 93 Mo. App. 381; Trust Co. v. Nathan, 122 Mo. App. 319; Hingston v. Montgomery, 121 Mo. App. 451. (6) The former suit to recover overpayments made by mistake was a suit for money had and received. Roberts v. Neal, 114 S. W. 1120.

*Harry Friedberg* and *Clinton A. Welsh* for respondent.

(1) It is now well settled that a judgment concludes the rights of the parties in respect to the cause of action stated in the pleadings on which it was rendered, whether it includes a full or only a part of the demand sued on, upon the grounds that an entire claim arising either on contract or wrong, cannot be split up into several actions. Plaintiff alleged but one cause of action consisting of several items in his first suit, which went to final judgment, and he cannot now in this suit

again assert any item or part of his original cause of action. R. R. and Transportation Company v. Traube, 59 Mo. 362; Bercher v. Boemler, 204 Mo. 562; Spratt v. Early, 199 Mo. 501; Bank v. Tracey, 141 Mo. 252; Skeen v. Engine and Thresher Co., 42 Mo. App. 159; Green v. Von der Ahe, 36 Mo. App. 395; Steilider v. Railway, 38 Mo. App. 511; Robbins v. Conley, 47 Mo. App. 502; Pettit v. Insurance Co., 69 Mo. App. 317; Taylor v. Heitz, 87 Mo. 660; Ruddle v. Horine, 34 Mo. App. 617; Funk v. Funk, 35 Mo. App. 347. (2) A running account, although consisting of many items, is but one debt *in solido*, and not severable; it is but one transaction, and plaintiff so alleged in his first suit, which is plead in bar of this. He cannot split up said suit, and sue on each item thereof, or part of an item. Mackey v. Hyatt, 42 Mo. App. 443; Roberts v. Neal, 114 S. W. 1120. (3) The appellant made his election and instituted his suit in the first cause, which is plead in bar in this cause, and having elected to treat the subject of this cause of action as a part of one entire cause of action and plead as but one item thereof, appellant cannot now treat a part of one of the items in said cause as a separate cause of action, for to do so would be to assume inconsistent position. He cannot now bring another suit for a part of the same cause of action. Tower v. Improvement Company, 192 Mo. 393; Lilly v. Menke, 143 Mo. 137; Dry Goods Co. v. Warden, 151 Mo. 578; Benieck v. Cook, 110 Mo. 182; Johnson-Brinkman Com. Co. v. Railway, 52 Mo. App. 407; Johnson-Brinkman Com. Co. v. Railroad, 126 Mo. 344. (4) The appellant is estopped from attempting to assume inconsistent positions attempted by him in this cause. Parties to a suit are not allowed to play fast and loose, to blow hot and cold. He is bound by the allegations made in his first suit, and is precluded under the law and the facts in this case to take a different position. Lilly v. Menke, 143 Mo. 137; Nanson v. Jacob, 93 Mo. 331; McClahan v. West, 100 Mo. 322;

Knoop v. Kelsey, 102 Mo. 291; Bensieck v. Cook, 110 Mo. 182. (5) Appellant's entire cause of action in the former cause was all set out in plaintiff's petition in that case as one cause of action. That cause of action went to judgment and said case became *res adjudicata.* A party must bring forward his entire cause of action, and if he brings but part of it a judgment on a part bars a future suit. Donnell v. Wright, 147 Mo. 647; Spratt v. Early, 199 Mo. 501; Railroad v. Levy, 17 Mo. App. 507.

BROADDUS, P. J.—The plaintiff sues on an account for goods sold and delivered at the special request of defendant. The answer, among other defenses, sets up the following:

"Defendant for other and further defense to this cause of action alleges that plaintiff on October 5, 1905, commenced a suit against the defendant herein in the circuit court of Clay county, Missouri, and in said petition alleged among other things that a note which had been originally given to John Neal, then deceased, at the time said suit was instituted that the plaintiff herein and other parties named in said petition, did on the 8th day of December, 1886, duly make and execute said note for the sum of fifteen hundred dollars ($1,500) bearing ten per cent interest per annum thereon from date until paid, which note was due and payable twelve months after date to said Neal, and that said note was duly delivered to said Neal.

"This plaintiff who was plaintiff in said suit alleges that said note was fully paid off and discharged on December 4, 1897.

"That the plaintiff in this suit as plaintiff in said suit alleged against this defendant who was the defendant in said suit among other things the following:

"And thereafter plaintiff, in ignorance of the fact that said note was paid off, made further payments on said note to defendant as follows: on March 8, 1898,

Roberts v. Neal.

the sum of $25; on May 25, 1898, the sum of $50; on October 5, 1898, the sum of $50; on April 19, 1898, the sum of $26.45; on December 14, 1898, the sum of $25; on September 9, 1899, the sum of $40; on December 7, 1899, the sum of $25; on August 25, 1902, the sum of $50; and on January 1, 1905, the sum of $578.60.

"The payment of $94.35 made April 25, 1896, and all payments herein above stated subsequent thereto were credited on a slip of paper attached to or kept with said note, except the payment of $50 made August 25, 1902, which was not credited on said paper, nor on said note.

Plaintiff states that the payment of $94.35 made by him on April 25, 1896, was made in merchandise, the payment of $40 made September 9, 1899, was made in property, so far as plaintiff now knows and is able to state; the payment of $578.60, made January 1, 1905, was made by the following items:

| | | |
|---|---:|---:|
| The defendant's mercantile account being merchandise received by her | $279 | 40 |
| Thomas Neal's merchandise account | 24 | 00 |
| Thomas Neal's note | 108 | 60 |
| Season of two colts | 20 | 00 |
| The defendant's mercantile account with the mercantie firm of Roberts and Anderson | 13 | 15 |
| An order from defendant on H. W. Montgomery | 10 | 00 |
| The mercantile account of Thomas Neal with the mercantile firm of Roberts and Anderson | 123 | 45 |

"The defendant alleges that the said sum of $578.60 above set forth, which was alleged in said petition as above mentioned was composed of, in part, of the items sued for in this case and that all of the items sued for in this case in plaintiff's petition and in his account at-

137 App.—8

tached to his petition were included in said item of $578.60, which plaintiff claimed against this defendant in said suit. And this defendant alleges that the said item of $578.60 and the other items set out in plaintiff's said petition in said suit were all alleged as overpayments alleged to have been made to this defendant by plaintiff and that all of said alleged overpayments were alleged to be connected with the one transaction of an alleged overpayment of said note, and were all alleged to be connected with the same transaction.

"That thereafter on the 11th day of November, 1907, of the circuit court of Clay county, Missouri, that defendant dismissed the said alleged item of overpayment of the sum of $578.60 and abandoned said claim thereby, and that said cause proceeded to final judgment on said date in said court, on the other alleged overpayments; which judgment was rendered in favor of the plaintiff in that cause, the plaintiff in this cause, against this defendant and that plaintiff's alleged cause of action in said suit which included all of the items sued for in this case were included in said cause and alleged as an overpayment and that by reason of dismissing and abandoning said alleged overpayment the same became finally adjudicated between the parties in said suit who were the parties in this suit and that the plaintiff is now estopped from again bringing suit against the defendant on any of the alleged overpayments, in said cause for the reason herein set forth. That plaintiff's entire cause of action became extinguished by said judgment."

The plaintiff, in reply, admits that the items sued for were included in said item of $578.60 sued for in the former case and that the said item was dismissed by him as stated, but denies that he is concluded on said dismissed item because it was not submitted to or considered by the jury in said case, etc. The defendant moved for judgment on the pleadings, which the court sustained, and plaintiff appealed.

Plaintiff contends that the former suit was not *res adjudicata* as to the dismissed item; that it was not the same subject-matter; that in the former suit the action was for money had and received; and that it is not *res adjudicata* merely because it might have been litigated in the former suit.

In Garland v. Smith, 164 Mo. l. c. 22, the court stated the rule thus, "Where the purpose and object of the former action are the same with the later action, it is not to be questioned that the judgment concludes everything which might have been brought forward, although not in fact pleaded or in evidence, but where the subsequent action is upon a different claim, the former judgment only bars those things which were in issue or included in the issue in the former action or suit, nor will the judgment bar another cause of action which might have been joined with the former action but was not, and if different proofs are required to sustain two actions, the judgment in one is no bar to the other." The plaintiff seems to rely upon this statement of the law to sustain his position.

We have some recent expression of the Supreme Court on the question. In one case, the following was said, "The plea of *res adjudicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of the litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time." [Donnell v. Wright, 147 Mo. l. c. 647.] This opinion was expressly approved in Spratt v. Early, 199 Mo. l. c. 501. A different issue does not make a different cause of action unless it is really so. [Bircher v. Boemler, 204 Mo. l. c. 563.] And by this court in Paving Co. v. Field, 132 Mo. App. 628.

There is no conflict in the cases cited and the first mentioned does not sustain plaintiff's theory of the

case, but on the contrary is squarely against it.    The subject-matter and the remedy sought in the two actions are the same, that is, to recover for goods sold and delivered; and the evidence as to both is the same, except in the former it was necessary to have shown that payment had been credited by mistake.    It is not a doubtful question.    Affirmed.    All concur.