HUNTER LAND & DEVELOPMENT COMPANY, RESPONDENT, v. CARUTHERS-VILLE STAVE & HEADING COMPANY AND WILL CAREY, APPELLANTS.*

Springfield Court of Appeals. September 17, 1928.

*Corpus Juris-Cyc References: Actions, 1CJ, section 239, p. 1082, n. 84; section 298, p. 1117, n. 7; Judgments, 34CJ, section 1113, p. 722, n. 37; section 1236, p. 818, n. 92; Trover and Conversion, 38 Cyc, p. 2112, n. 25.

*Von Mayes* for appellants.

*Ward & Reeves* for respondent.

BAILEY, J.—Action in trover for conversion of certain timber. It is alleged in the petition that plaintiff was the owner of certain real estate which was covered with valuable timber; that defendant Carey entered upon said lands without right or authority and cut a large amount of valuable timber standing and being thereon and sold and delivered same to defendant, Caruthersville Stave & Heading Company. The petition further described the kind, amount and value of the timber and prays judgment in the sum of $1740.

Defendants filed an amended answer admitting plaintiff to be the owner of the real estate described and that defendant Carey entered upon said land, cut standing timber and sold and delivered a part thereof to defendant Caruthersville Stave & Heading Company (hereinafter referred to as the Stave Company.)

For further answer defendants set up a misjoinder of causes of action, in that defendants are not joint tortfeasors as to all the timber cut by defendant Carey; that on the 4th of June, 1924, the plaintiff filed a suit in the circuit court of Pemiscot county, in the nature of an action for trespass, to recover from defendant Will Carey the value of timber cut from said land, and other land adjoining the land

described in the present suit, and that the timber sued for in this action was a part of the timber sued for in said former suit; that plaintiff recovered judgment in the sum of $487.50 in said former suit which has been fully paid and satisfied; that at the trial of said former suit, after introducing evidence as to the amount and value of the timber described in the present suit, plaintiff dismissed its claim for the timber described in the present suit, thereby extinguishing said claim and the former judgment is *res adjudicata* as to the subject-matter of this action. No reply was filed. On trial to a jury the verdict and judgment was for plaintiff in the sum of $950, from which judgment defendants appeal.

The evidence shows plaintiff to have been the owner of section twenty-seven and the southwest fractional quarter of section twenty-six in Township twenty of Range thirty-one, the lands from which the timber involved in this particular suit were cut. Section twenty-six lies to the east of section twenty-seven; defendant Carey, it seems, had purchased the standing timber on part of the northwest quarter of section twenty-six lying immediately north of plaintiff's land in section twenty-six and east of plaintiff's land in section twenty-seven. It was while cutting the timber he had the right to cut in section twenty-six that defendant Carey, through mistake, cut the timber on plaintiff's adjoining land, aforesaid. Plaintiff discovered the mistake and notified defendant Carey, who thereupon discontinued cutting timber on plaintiff's lands. At that time a large amount of cut timber was on the land but plaintiff, as we understand, did not attempt to recover therefor. Other timber cut from plaintiff's said land had been hauled away by Carey and delivered to the Stave Company, codefendant, and purchaser thereof, and was piled on the west bank of the Mississippi. There was some evidence tending to prove the amount and value of this timber.

Defendant offered in evidence the petition and judgment (afterwards paid and satisfied) in the former suit heretofore mentioned. This petition was between the same plaintiff and defendants as the present suit but was in trespass, seeking treble damages as provided by statute, for the wilful cutting and removing of timber from sections twenty-seven, twenty-six and twenty-two in Township twenty of Range thirteen. Before the case was submitted to the jury, plaintiff dismissed its claim as to timber taken from sections twenty-six and twenty-seven, being the same land described in the present suit. Defendants' answer, filed in the former suit, set up that the defendant Stave Company purchased the timber from defendant Carey in the belief that it was cut from timber owned by it in said section twenty-two, adjoining that owned by plaintiff, and offered payment for timber cut from plaintiff's land in the sum of two hundred dollars ($200). Such other evidence as may be necessary to an understanding of the issues in the present suit will be hereinafter referred

to. Defendants' brief contains ten assignments of error. It is first contended that the former suit of plaintiff bars a recovery in this action. Defendant argues that defendant Carey, at the time the former case was filed, was liable to plaintiff in trespass or trover, not only for cutting and removing timber from section twenty-two for which judgment was recovered, but was also liable in trespass or trover for cutting and removing timber from sections twenty-six and twenty-seven, for the conversion of which damages are sought against both defendants in this action; that the cutting of all the timber was one general cutting and he was liable in trespass or trover for all the timber cut by him; that there was but one cause of action and when plaintiff dismissed a part of his claim in the former suit and obtained judgment against defendant for the balance, defendant Carey could not subsequently be sued for that part of the claim dismissed.

This court, following a ruling of our Supreme Court in Berry v. Milling Company, 304 Mo. 292, 263 S. W. 406, lately held that: "The general rule is that all issues which could properly have been disposed of on their merits in a former suit between the same parties and their privies are considered as having been settled, though said issues may not in fact have been litigated or determined." [Shelly v. Ozark Pipe Line Corp., 2 S. W. (2d) 115, l. c. 121.]

To the same effect are: Roberts v. Neal, 137 Mo. App. 109, 119 S. W. 461; Puckett v. Ass'n, 134 Mo. App. 501, 114 S. W. 1039; Dolph v. Maryland Casualty Co., 261 S. W. 330.

In the latter case the rule is thus stated: "Ordinarily a judgment between the same parties in a former action is conclusive as to all matters which might have been litigated therein, but where the causes of action are different it is only conclusive as to the matters which were in fact litigated therein." [l. c. 332.] The law, as stated in the Dolph case, contains the principle upon which plaintiff counters defendant's contention in the case at bar. Plaintiff argues that the former suit was for treble damages for trespass under section 4242, Revised Statutes 1919; that the present action is for single damages for conversion; that they are different causes of action requiring different proof and different measures of damages and therefore one is not a bar to the other, even if both actions involved the same timber. Without setting out the two petitions, it appears the plaintiff and defendants were the same in the former and that every allegation is contained in the present petition that is found in the petition in the former suit except that in the present suit it is alleged that defendants converted the timber while in the former suit it is alleged that defendants committed acts of trespass and the prayer is for treble damages. In other words the present action, in all other essential particulars seems to contain allegations of fact sufficient to state a cause of action under the statute referred to

and, *vice versa*. There can be no question that at the time the former suit was filed defendant Carey was liable in trespass or trover for the whole wrong committed in cutting the timber from all the land included in both suits. He could have been sued in trespass for the whole damage at that time. He was, in fact, so sued but the claim was dismissed as to the timber in sections twenty-six and twenty-seven before the case went to the jury. There is nothing in this record to indicate that defendant Carey might have been liable for treble damages as to the timber in section twenty-two and only for single damages as to the timber in sections twenty-six and twenty-seven. The cutting of all this timber, insofar as Carey is concerned, was one continuous act of trespass of the same kind and character. Even if he were liable for treble damages as to the timber in section twenty-two and for only single damages as to the timber in sections twenty-six and twenty-seven, included in the present suit, the causes of action could have been joined in separate counts. [Sec. 1221, R. S. 1919; Clark's Adm. v. R. R., 36 Mo. 203.]

That being true, it was plaintiff's duty to litigate his whole claim against defendant Carey and he cannot further prosecute his claim arising out of the same continuing trespass unless the fact that defendant Stave Company was a joint tortfeasor with defendant Carey changes the situation.

As to joint tortfeasors: They may be sued jointly or severally and plaintiff may dismiss as to one and recover against the other, but there can be but one satisfaction. [Weathers v. Railroad, 111 Mo. App. 315, 86 S. W. 908.]

We may assume that at the time the former suit was filed plaintiff had reason to believe the two defendants were jointly guilty of trespass as to the timber in section twenty-two but that defendant Stave Company was guilty only of conversion as to the timber in sections twenty-six and twenty-seven for which recovery is sought in the present suit. Did plaintiff then have the right to sue defendant Carey only for the trespass in section twenty-two, reserving the right to again sue him in conversion for the timber taken from sections twenty-six and twenty-seven, in order that it might recover treble damages against the two defendants? If there is any efficacy in the rule that all matters should be litigated in one suit that might have been litigated therein, it was plaintiff's duty to sue Carey for all the alleged trespasses he had committed. We might conceive of a man cutting timber on a dozen tracts of land and thereby be guilty of but one continuous trespass against the same owner, but at the same time, as to each separate tract, be involved with a separate and distinct joint tortfeasor. Should such a person then be subjected to a dozen suits in order that he may be joined with each separate joint tortfeasor? To subject him to a multiplicity of suits of that kind when he could be sued, for all the trespasses

committed by him, in one suit, is contrary to all the legal principles, heretofore referred to, which the courts have enunciated. So in the present litigation, plaintiff should have sued defendant Carey in the former action for all the trespasses committed. At the same time it would have had the right to have sued defendant Stave Company for any damages not collected from Carey or even separately for treble damages if the facts warranted such action.

It is true, as contended by plaintiff, that a cause of action for treble damages is a wholly different cause of action from one in trover for single damages. [Holliday v. Jackson, 21 Mo. App. 660; King v. Furnace Company, 190 S. W. 368.]

In the latter case this court followed the rule that a plaintiff cannot sue on one cause of action and recover on another, and that where plaintiff has sued on a penal statute, giving treble damages, and is allowed to recover on a common-law action for conversion, the judgment will not stand. This does not mean that when plaintiff sues for treble damages he must recover treble damages or nothing. It is specifically provided by statute that if it appear defendant had probable cause to believe that the land on which the trespass was committed was his own, plaintiff shall receive single damages only. [Sec. 4245, R. S. 1919.] So in the former trial of this case plaintiff recovered only single damages. It is therefore evident, that while the action for treble damages may be a separate and distinct cause of action from the common-law action of trespass or trover, the line of demarcation is fine and they all belong to the same general classification and, as heretofore indicated, may be joined in the same petition.

We therefore believe plaintiff should not be permitted to split its cause of action. "There are maxims extent which substantially remind us that no man ought to be twice vexed with the same action, and that it is obligatory that finally an end be made to a lawsuit. The rule so ably and vehemently urged upon us by learned counsel would violate both the spirit and the letter of these maxims and make an action at law a case of 'linked sweetness long drawn out;' it would enable litigants to break their lawsuits into convenient sections and administer them to courts in broken doses." [Ginnocchio v. R. R. Co., 264 Mo. l. c. 521, 175 S. W. 196.]

Furthermore, it appears that plaintiff's instructions in this case limited the recovery to timber converted by Carey and sold and delivered to defendant Stave Company, which instruction was given in order to abide by the rule that the judgment against joint tortfeasors must be for the same amount. [Watters v. Hayden, 284 S. W. l. c. 830.]

The evidence shows that some of the timber cut and converted by defendant Carey from sections twenty-six and twenty-seven was not

sold and delivered to defendant Stave Company. Carey would have been liable to plaintiff for this timber but the Stave Company would not. We can therefore see, in the offing, a third suit against Carey for the remaining timber, if this judgment should be upheld. It is our opinion, however, that under the peculiar facts of this case plaintiff should have sued Carey separately for all the damage he had done and that the former judgment is a bar to this suit.

We further hold that by payment of the judgment in the former suit defendant Carey became vested with title to· the timber converted and that defendant Stave Company cannot be held further responsible since it is conceded to be only the assignee of defendant, Carey.

The judgment should be reversed. It is so ordered. *Cox, P. J.,* and *Bradley, J.,* concur.