**Howard CREWS and Donna Crews, his wife, Plaintiffs-Respondents,**

v.

**Uel TUSHER, Defendant-Appellant.**

**No. 12607.**

Missouri Court of Appeals, Southern District, Division Three.

May 6, 1983.

Rich D. Moore, Moore, Brill & Wagoner, West Plains, for defendant-appellant.

JoAnne Spears Jackson, West Plains, for plaintiffs-respondents.

MAUS, Judge.

By Count I of their petition, the plaintiffs essentially alleged the following. They owned a described tract of 40 acres. In February, 1980, the defendant entered that tract and cut timber with a value of $3,120. They prayed for a judgment under § 537.-340 for $9,360. By Count II the plaintiffs again alleged that in February, 1980, the defendant entered that tract. They also alleged that on September 1, 1980, the defendant again entered and cleared brush and undergrowth. There were also allegations of threatened continuous trespass and other allegations appropriate for the basis for an injunction. Count II concluded with a prayer for an injunction and for general relief.

The case was tried to the court. In its findings, conclusions and judgment, the trial court did not specifically deal separately with the two counts. Nonetheless, its findings in respect to and judgment on each count are clear. The trial court found the plaintiffs consented to the entry and cutting of timber in February, 1980. However, it further found that on September 1, 1980, the defendant entered without permission and cut and removed bushes and small trees. It also found that as a result thereof, the plaintiffs suffered actual damages of $10. The trial court entered a judgment enjoining the defendant from entering the

described tract and awarding the plaintiffs actual damages of $10 and punitive damages of $750. The evidence, to the extent necessary, will be stated in reference to the points presented by the defendant's appeal.

 The defendant's first point is that the judgment is erroneous because it is based upon a common law trespass and the petition stated a cause of action for statutory trespass under § 537.340. It is true the two causes of action are different. "The cause of action for damages under this penal statute is not the same as a cause of action for common law trespass." *Harris v. L.P. and H. Construction Co.,* 441 S.W.2d 377, 382 (Mo.App.1969). Also see *Hunter Land & Dev. Co. v. Caruthersville S. & H. Co.,* 223 Mo.App. 132, 9 S.W.2d 531 (1928). It is also true that in many states under similar statutes punitive damages may not be recovered in addition to the penal damages provided by statute. *Stoner v. Houston,* 265 Ark. 928, 582 S.W.2d 28 (banc 1979); *Johnson v. Tyler,* 277 N.W.2d 617 (Iowa banc 1979); *John Mohr & Sons, Inc. v. Jahnke,* 55 Wis.2d 402, 198 N.W.2d 363 (1972). Nor was the issue of a common law trespass in February, 1980, tried by consent, as the plaintiffs argue. The evidence was relevant to the issues presented by the pleadings. The plaintiffs' request to amend to state a common law trespass was made subsequent to the hearing. The issue of common law trespass in February, 1980, was not tried by express or implied consent. Rule 55.33(b); *Gee v. Gee,* 605 S.W.2d 815 (Mo.App.1980).

 The decisive reason the monetary judgment cannot be based upon Count I is the finding of the trial court that the plaintiffs consented to the entry and cutting of timber in February, 1980. This finding is clearly supported by the evidence and will not be disturbed. *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). This consent bars a recovery upon either common law or statutory trespass for the entry in February, 1980.

 Nor can the monetary judgment be based upon the entry of September 1, 1980, which is alleged only in Count II. Count II did not allege the plaintiffs were damaged by that entry in any designated amount. It contained no prayer for actual damages. There was evidence that in February, 1980, the defendant cut 26 pine trees 12 to 14 feet tall. Evidence was presented on the amount of the resulting damage. The evidence was that on September 1, 1980, the defendant bush hogged the area in question and "cut anything that sprouted" since February, 1980. There was no evidence of any damages resulting from the defendant's action on September 1, 1980. The trial court did not award $10 as nominal damages. Plaintiffs do not seek to sustain that award on that basis. A judgment for actual damages not based upon competent evidence cannot stand. *Schmidt v. Central Hardware,* 516 S.W.2d 556 (Mo.App. 1974) "In actions where exemplary or punitive damages are recoverable, the petition shall state separately the amount of such damages to be recovered." Rule 55.19. Count II contained no prayer for punitive damages and the award thereof cannot stand. *Smith v. Courter,* 531 S.W.2d 743 (Mo. banc 1976); *St. Louis Clothing Co. v. J.D. Hail Dry-Goods Co.,* 156 Mo. 393, 56 S.W. 1112 (1900); *Jones v. Prudential Ins. Co.,* 173 Mo.App. 1, 155 S.W. 1106 (1913).

 The defendant's second point is that the plaintiffs did not establish they owned the area in question by a survey based upon an established corner. Plaintiff Howard Crews testified without objection the plaintiffs owned, resided upon and possessed the described tract since 1966. The defendant acknowledged he claimed no interest in the area in question. Admissible evidence established the boundary of the 40-acre tract had been established by possession to include the area in question.

The defendant's last point is that there was no evidence any pine trees were cut on September 1, 1980. This point has been previously considered under Count I.

That portion of the judgment awarding the plaintiffs $10 actual damages and $750 punitive damages is reversed. Neither party has questioned the propriety of the in-

junction. That portion of the judgment is affirmed. The costs of the proceedings prior to the defendant's appeal are to be taxed against the defendant. The costs on appeal are taxed against plaintiffs.

CROW, P.J., GREENE, C.J., FLANIGAN and PREWITT, JJ., concur.