Maxine M. WEBSTER,
Plaintiff-Appellee,

v.

Kilian H. MAUZ, Defendant-Appellant.

No. 83CA1031.

Colorado Court of Appeals,
Div. III.

May 23, 1985.

Law Offices of John M. Franks, P.C., John M. Franks, Paul R. Wood, Denver, for plaintiff-appellee.

Sweeney, Ross & Deuben, P.C., William G. Ross, Lakewood, for defendant-appellant.

TURSI, Judge.

Defendant, Kilian Mauz, appeals from a summary judgment permanently enjoining the Jefferson County Public Trustee from issuing a public trustee's deed to him. We affirm.

The uncontested facts are as follows. The plaintiff, Maxine M. Webster, and her husband were owners in joint tenancy of a residence located in Jefferson County, Colorado. Husband filed for dissolution of marriage in June of 1980, and in March of 1981, the parties signed a stipulation that neither would sell, encumber, or dispose of the marital assets without the written consent of the other. This stipulation was made an order of the court.

On January 10, 1982, husband gave a promissory note to Mauz secured by a deed of trust encumbering his undivided one-half

interest in the residence. Five days later, husband had a heart attack, and on March 4, 1982, he died. No temporary or permanent orders were entered in the dissolution action. In July 1982 Mauz initiated a foreclosure action on the deed of trust. Subsequently, husband's interest was sold to Mauz at a public trustee's sale, and Mauz was issued a certificate of purchase.

Plaintiff then brought this action to enjoin the public trustee from issuing a public trustee's deed. The trial court granted summary judgment for plaintiff on her claim for injunctive relief against the public trustee and enjoined issuance of a deed to Mauz. Plaintiff's remaining claims were dismissed, as was defendant's counterclaim.

On appeal Mauz argues that the question whether the joint tenancy was severed prior to husband's death presented genuine issues of material fact and could not properly be determined on a motion for summary judgment. We disagree.

▮ C.R.C.P. 56(c) provides that summary judgment is proper where "there is no genuine issue as to any material fact" and where "the moving party is entitled to a judgment as a matter of law." Once the moving party makes a convincing showing that genuine issues are lacking, the opposing party must adduce specific facts, through affidavit or otherwise, demonstrating that a real controversy exists. *Ginter v. Palmer & Co.*, 196 Colo. 203, 585 P.2d 583 (1978).

▮ Upon the death of a joint tenant, the surviving tenant becomes sole owner of the property free from any liens which may have existed on the extinguished interest of the deceased. *See Park State Bank v. McLean*, 660 P.2d 13 (Colo.App.1982). Here, it was undisputed that plaintiff and husband held the property in joint tenancy with right of survivorship and that husband is now deceased. Thus, unless the joint tenancy was severed prior to husband's death, plaintiff became the sole owner of the property, free of any liens which may have existed on husband's interest. *See Park State Bank v. McLean, supra.*

▮ To resist plaintiff's motion for summary judgment, it was therefore incumbent upon defendant to demonstrate the existence of a material issue of fact as to the severance of the joint tenancy. This he failed to do. He presented no evidence, by affidavit or otherwise, which would tend to show severance of the joint tenancy. His unsupported allegations regarding husband's intent to sever the tenancy are insufficient to withstand the motion for summary judgment, *see* C.R.C.P. 56(e), *Sullivan v. Davis*, 172 Colo. 490, 474 P.2d 218 (1970). And, since mere encumbering of one's own interest in joint tenancy is insufficient to sever a joint tenancy, husband's intent in connection therewith is irrelevant. *See Park State Bank v. McLean, supra.*

▮ Defendant's assertion that the execution and delivery of the deed of trust constituted a conveyance of husband's interest in the property which severed the joint tenancy is untenable in view of § 38–35–117, C.R.S., which provides that a deed of trust is not a conveyance but is, instead, a lien.

Judgment affirmed.

VAN CISE and BABCOCK, JJ., concur.