**HOME TRUST MERCANTILE BANK, a Missouri Corporation, Respondent,**

v.

**Kenneth G. STAGGS, Appellant.**

**No. 50594.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

June 30, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 29, 1986.

Application to Transfer Denied
Sept. 16, 1986.

Toohey & Moore, Kim Roger Moore, Perryville, for appellant.

Buerkle, Beeson & Ludwig, David G. Beeson, Michael L. Jackson, Jackson, for respondent.

CRIST, Judge.

Defendant Kenneth G. Staggs (Kenneth) appeals from the decision of the circuit court declaring plaintiff Home Trust Mercantile Bank (Bank) was entitled to use so much of the proceeds of a promissory note as necessary to pay a loan for which the note had been pledged as security. We reverse.

Hartwell Staggs (Hartwell) owned a farm which was sold to Willard and Gerald Fritsche on June 26, 1980. As a part of this sale, the Fritsches gave a promissory note in the amount of $53,854.83, payable in annual installments. This note was secured by a deed of trust in the farm. The note and deed of trust named as the payees Hartwell M. Staggs and Kenneth G. Staggs, as Joint Tenants with the right of survivorship. It is conceded this language created a joint tenancy. The court found Kenneth had not contributed any of the consideration underlying the note.

On December 31, 1981, Hartwell borrowed $27,000 from Bank, pledging the

note as security. Two years later, on December 31, 1983, he borrowed $42,000 from Bank, paying off the earlier loan with part of the proceeds, and again pledging the note as security. Some time later the following language was typed on the back of the note: "We, Hartwell Staggs and Kenneth Staggs, assign note and deed of trust as signed by Willard C. Fritsche and Gerald M. Fritsche dated June 26, 1980, to Home Trust Mercantile Bank, Perryville, Missouri." This assignment was not dated and appears to have been signed by Hartwell only. Kenneth refused Bank's requests to sign this assignment.

Hartwell died on January 6, 1985, and Kenneth demanded Bank recognize his interest in the note. Bank brought this action seeking a ruling the pledge of the note severed the joint tenancy. The trial court agreed, declaring such a severance indeed had occurred; and Kenneth and Hartwell Staggs thereafter held the note as tenants-in-common to the extent of their respective interests. Because Kenneth contributed none of the consideration for which the note was exchanged, Bank was entitled to as much of the note as was necessary to extinguish its loan. Kenneth appeals.

■ Error is assigned in the court's finding the pledge of the note severed the joint tenancy. It is undisputed the note was created as, and held in, joint tenancy between Hartwell and Kenneth. Joint tenancy is marked by the presence of the unities of time, title, interest, and possession; and if the tenancy is not severed, upon the death of one tenant, the survivor becomes the owner of the whole property. *Rotert v. Faulkner*, 660 S.W.2d 463, 468 (Mo.App. 1983). One joint tenant can convey his interest in the property. If he does the joint tenancy is severed, and the surviving joint tenant and the new owner of the interest transferred hold the property as tenants-in-common. *Id.* at 469.

■ However, a pledge of joint tenancy property by one joint tenant will not work a severance of the tenancy. A pledge of property as security is not a conveyance; the pledgor retains his title which is subject to the pledgee's lien. *Fitzsimmons v. American Union Life Ins. Co.*, 133 S.W.2d 680, 684 (Mo.App. 1939); *Dickey v. Porter*, 203 Mo. 1, 101 S.W. 586, 591–92 (1907); *Tennent v. Union Cent. Life Ins. Co.*, 133 Mo.App. 345, 112 S.W. 754, 759–60 (1908). Imposition of a lien is not inconsistent with the continuation of any of the four unities; and therefore, a mortgage or pledge of one joint tenant's interest does not work a severance of the joint tenancy. *See Ogilvie v. Idaho Bank and Trust Co.*, 99 Idaho 361, 582 P.2d 215, 221 (1978); *Commercial Banking Co. v. Spurlock*, 238 Ga. 123, 231 S.E.2d 748, 749 (1977); *Coffman v. Adkins*, 338 N.W.2d 540, 544 [9] (Iowa App.1983); *see also Harms v. Sprague*, 105 Ill.2d 215, 85 Ill.Dec. 331, 473 N.E.2d 930, 933–34 (1984); *American National Bank and Trust Co. v. McGinnis*, 571 P.2d 1198, 1200 [5] (Okla.1977); *Grant v. Hargrove*, 129 Ariz. 475, 632 P.2d 978, 981–82 (App.1981); *Webster v. Mauz*, 702 P.2d 297, 298 [3–5] (Co.App.1985); *People v. Nogarr*, 164 Cal. App.2d 591, 330 P.2d 858, 860–61 (1958).

■ Bank relies upon the undated "assignment" apparently executed by Hartwell to buttress the court's finding there was a severance of the joint tenancy. This "assignment," if valid, could indeed sever the joint tenancy. *Rotert*, 660 S.W.2d at 469. However, the question is not presented for decision. Bank's petition alleged severance of the tenancy by the pledge of the note and did not even mention the subsequent "assignment" of the note. The court's declaration of rights likewise did not mention the "assignment." Therefore, the issue of an "assignment" was beyond the scope of the pleadings and adjudication of the court below. Admission of the evidence of the "assignment" did not result in the trial of the issue by consent, with an automatic amendment of the pleadings as provided by Rule 55.33(b), as this evidence was relevant to the issues previously raised by the pleading. *Crews v. Tusher*, 651 S.W.2d 677, 679 [2] (Mo.App.1983); *Brazell v. St. Louis Southwestern Railway Co.*, 632 S.W.2d 277, 281 [5] (Mo.App. 1982).

■ As there was no severance of the joint tenancy prior to the death of Hartwell, Kenneth's right of survivorship continued intact. Upon Hartwell's death, Kenneth became full owner of the note. Hartwell's interest, and Bank's lien, were extinguished. *Feltz v. Pavlik*, 257 S.W.2d 214, 218 [8] (Mo.App.1953); *see e.g. Ogilvie*, 582 P.2d at 221–22 [7]; *Harms*, 473 N.E.2d at 934. Kenneth now owns the note, by his right of survivorship, free of any encumbrance on account of Bank's lien.

Kenneth also assigned as error the admission of certain evidence designed to show the relative interests of the tenants in the note. In view of our disposition of the other issue on appeal, this issue is now moot.

Judgment reversed.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.