Cleo LOWERY, Executor of the Estate of Nina Taaka, Plaintiff/Respondent,

v.

FIRST NATIONAL BANK OF ST. LOUIS, Defendant/Appellant.

No. 66302.

Missouri Court of Appeals, Eastern District, Division Five.

Feb. 14, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 20, 1995.

Application to Transfer Denied April 25, 1995.

Thomas Cummings, Andrew B. Mayfield, St. Louis, for appellant.

Terry Lueckenhoff, Mark A. Brittingham, St. Louis, for respondent.

GRIMM, Chief Judge.

Plaintiff[1] furnished the funds for two certificates of deposit which were titled in plaintiff and her brother's names as joint tenants. Later, without plaintiff's knowledge or consent, brother gave bank a security interest in the CDs. After he died, bank applied the two CDs to his debts. Plaintiff sued bank for conversion of the two CDs.

Both parties moved for summary judgment. The trial court granted summary judgment for plaintiff. Bank appeals; we affirm.

## I. Background

The facts of this case are undisputed. On September 28, 1984, plaintiff gave bank $14,000 for a 36–month CD. The CD was self-renewing, and interest was paid monthly to plaintiff at her specified Mt. Vernon, Illinois address. Bank issued the CD to plaintiff and her brother as joint tenants. Brother lived in Chesterfield, Missouri.

More than three years later, on January 28, 1988, plaintiff gave bank an additional $30,000 for a 12 month CD. This CD was also self-renewing and interest was paid monthly to plaintiff at her Mt. Vernon address. This CD was also payable to plaintiff and her brother as joint tenants.

Plaintiff received each of the two CDs when they were issued. She has had the exclusive and continuous possession of them since issuance.

In March, 1991, brother gave bank a security interest in the $30,000 CD for "present and future debts." Brother did not ask plaintiff for her permission to grant the security interest.

In November, 1991, brother gave bank a security interest in the other CD. As before, brother did not ask for plaintiff's permission. Neither bank nor brother advised plaintiff of these transactions. Rather, she first learned of them after brother's death in April, 1992.

On May 4, 1992, bank notified plaintiff that it was going to apply the CDs to brother's debts. Thereafter, it did, and this suit followed.

## II. Joint Tenancy

In its only point, bank alleges the trial court erred in granting summary judgment because § 362.470.3[2] "provides that an assignment of a joint deposit made by any joint tenant with authority to withdraw from the account is a valid assignment of that part of the account assigned and subjects the joint tenancy—and its inherent right of survivorship—to the effect of the assignment." Bank contends that its interest in the assignment of the joint deposit is superior to a surviving joint tenant's right of survivorship.

Summary judgment is proper only when the moving party has demonstrated, "on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law." *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo.banc 1993). Our review is "essentially de novo." *Id.*

We first examine the two agreements brother signed for bank. The form portion of the agreements appears to be identical. Bank is identified as the secured party. The agreements then state:

Assignment of deposit or share account: For value received, I assign and transfer to you, and I give you a security interest in the following account(s): [account information omitted].... and any renewals or substitutions. These account(s) will be re-

1. Nina C. Taaka filed her petition on November 23, 1993, and appealed the trial court's judgment. She died on December 15, 1994, while the appeal was pending. On January 3, 1995, Cleo Lowery was appointed executor of her estate. On January 31, 1995, this court sustained the estate's motion to be substituted for her as a party. For ease of reading, we refer to Ms. Taaka as plaintiff.

2. All statutory references are to RSMo 1994.

ferred to as the collateral in the rest of this agreement.

The agreements also state:

Secured debt(s): This agreement is made to secure the payment of: all present and future debts, of every kind and description which: [typed in is "Charles G. Phelps"] may now or hereafter owe....

Among other things, bank argues that by these agreements, brother "assigned both certificates of deposit in their entirety." Further, it contends that he did not transfer to bank just "his interest in the joint deposit but rather the entire joint deposit itself." (bank's emphasis).

On the other hand, plaintiff argues that the agreements did not constitute a transfer. Rather, she contends that the agreements constitute only a pledge creating a lien, with title remaining in the pledgor.

Historically, whether a document was a pledge or an assignment had differing results on joint tenancy property. An assignment could sever the joint tenancy. *Home Trust Mercantile Bank v. Staggs,* 714 S.W.2d 792, 794 (Mo.App.E.D.1986). On the other hand, a pledge did not work a severance of the joint tenancy. *Id.* A pledge of property as security is not a conveyance and therefore the pledgor retains title to the property. *Id.*

By statute, this difference does not apply to joint deposits. Section 362.470.3 provides that a pledge or assignment to the bank "shall not operate to sever or terminate the joint tenancy of or any part of the account."

Although it is clear that, under this statute, the agreements brother signed for bank did not sever the joint tenancy, that does not resolve the issue. The question remains as to the effect of the agreements on the joint tenancy property when brother predeceased plaintiff.

Section 362.470.1 clearly permitted brother, as a joint tenant, to withdraw the principal and interest during his lifetime. This statute, just as clearly, vested complete ownership in plaintiff upon his death. It provides: "[t]he making of a deposit in such form ... shall be conclusive evidence ... of the intention of all the parties ... to vest title ... in the survivor."

Section 362.470.3 authorizes a joint tenant to pledge or assign "all or part of a joint tenancy deposit or the interest therein." Thus, brother could give a security interest to bank in the two certificates in which he had an interest. However, he could only give a security interest to the extent he had an interest in the certificates. Upon his death, his interest in the certificates ended and title to the certificates vested solely in plaintiff. *See Fix v. Fix,* 847 S.W.2d 762, 765 (Mo.banc 1993).

We are not persuaded that § 362.470.3 dictates a different result. Bank points to the latter part of this section which says that a pledge to a bank shall be a "valid pledge or transfer to the bank or trust company of that part of the deposit pledged or assigned, and shall not operate to sever or terminate the joint tenancy of or any part of the account, subject to the effect of the pledge or assignment." From this language, it argues that since a pledge does not sever the joint tenancy, "any right of survivorship is also subject to the assignment." As a result, it concludes it is entitled to the full value of the certificates.

■ We do not read the statute that broadly. This statute permits and recognizes that pledges and assignments of joint tenancy deposits do not, in and of themselves, destroy the joint tenancy. However, we are not persuaded that this recognition changes all concepts of joint tenancy so that a lien holder of a deceased joint tenant continues to have rights in the deposits. Rather, if a bank desires to have a security interest in collateral after the death of a joint tenant, it should have all the joint tenants sign the security agreement.

No Missouri case has previously reached this specific issue, nor did we find any other state that has a statute exactly like Missouri's. However, our conclusion is generally supported by decisions in other states. In *Franke v. Third Nat'l Bank & Trust Co.,* 31 Ohio App.3d 189, 509 N.E.2d 955 (1986), mother purchased a certificate of deposit with her money. The certificate was issued to mother and son as joint tenants. Thereafter, son applied for a bank loan, gave posses-

sion of the certificate to the bank, and gave bank a security interest in the certificate.

Son died and the bank applied the certificate of deposit to son's debt. Mother then sued bank for the certificate's proceeds. The *Franke* court affirmed the trial court's award to mother. The court held that the son's "interest was extinguished upon his death, and the bank's security interest was extinguished with it." *Id.* 509 N.E.2d at 958; *see also Commercial Banking Co. v. Spurlock*, 238 Ga. 123, 231 S.E.2d 748 (1977) (Husband and wife jointly owned certificates of deposit. Husband individually borrows money from bank and secures loan with "deposits, accounts." Husband died and bank applied proceeds to his note. Court held that "the security agreement encumbered the husband's interest only and his death, prior to the maturity of the note, terminated his interest and extinguished the bank's lien on the certificate of deposit." *Id.* 231 S.E.2d at 749).

In the case before us, the joint tenancy was not severed by brother's pledge. § 362.460.3. Bank had a lien on the CD's as long as there was a valid joint tenancy. During this time, the joint tenancy was "subject to the effect of the pledge." *Id.* However, at brother's death, the proceeds of the CDs passed in full to plaintiff. § 362.460.1. There was no longer a valid joint tenancy. Accordingly, the bank's lien was extinguished.

Bank could have continued the lien after brother's death if it had obtained plaintiff's signature on the security agreement. For whatever reason, bank did not do so. Accordingly, the trial court properly granted summary judgment in favor of plaintiff.

The trial court's judgment is affirmed.

SMITH and WHITE, JJ., concur.