**BANK OF WASHINGTON, a Missouri Banking Corporation, Appellant,**

v.

**Jerry KOESTER and Jimmy Koester, Respondents.**

No. 70387.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 24, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 5, 1997.

Application to Transfer Denied
March 25, 1997.

Louis B. "Buzz" Eckelkamp, III, Washington, for appellant.

Timothy J. Melenbrink, Union, for respondents.

RHODES RUSSELL, Presiding Judge.

Bank of Washington ("Bank") appeals from a grant of summary judgment in favor of Jerry and Jimmy Koester. The Bank had filed a declaratory judgment action to determine if it was entitled to a set-off against the proceeds of a certificate of deposit ("CD") which was owned jointly by Roy Custer and the Koesters. Custer had pledged the CD as collateral for a loan without the signature of the Koesters. The trial court determined that the CD was 1) the property of the surviving joint tenants, the Koesters, and 2) the Bank's lien on the CD was extinguished with the death of the joint tenant who had pledged it as collateral. We affirm.

The facts as alleged in the petition are as follows: On February 5, 1992 Roy Custer purchased a CD with a face value of $25,000 from Bank. The CD was titled in the names "Roy Custer or Jerry or Jimmy Koester." Custer purchased the CD with his own money and without contribution from Jerry or Jimmy Koester. All income from the CD was reported to the IRS as income to Custer.

Approximately two years later, Custer borrowed $19,085.76 from the Bank by signing a promissory note. As collateral, Custer pledged the CD and the Bank kept possession of it. Custer also executed an assignment of deposit or share account at that time. The assignment stated that no one, including Custer, could withdraw the collateral until the note was fully paid. Furthermore, it stated that in the event of Custer's death no joint owner, beneficiary, or surviving spouse would get any rights to the collateral until Custer's secured debt had been paid in full. Jerry and Jimmy Koester did not sign the note or the assignment of deposit.

Thereafter Custer died and the note went into default. Jerry and Jimmy Koester claimed ownership of the CD as surviving joint tenants. The Bank filed a declaratory judgment action in the Circuit Court of Franklin County seeking a set-off of the CD in the amount of the unpaid loan and other costs. The Koesters filed a motion to dismiss for failure to state a claim upon which relief could be granted. The court decided to treat the motion as one for summary judgment. After a hearing, the court granted summary judgment in favor of the Koesters and ordered the Bank to pay over to the Koesters the entire proceeds of the certificate, disallowing any set-off to the Bank. This appeal now follows.

Both of the Bank's points on appeal essentially allege that the court erred in the granting of summary judgment.

The standard of review for summary judgment cases is governed by *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.* 854 S.W.2d 371 (Mo. banc 1993). When considering appeals from summary judgment, we review the record in the light most favorable to the party against whom judgment was entered. *Id.* The propriety of summary judgment is purely an issue of law. As the trial court's judgment is founded on the record as submitted and on the law, an appellate court need not defer to the trial court's order granting summary judgment. *Id.* Summary judgments should only be maintained where facts are not in dispute, so

that the prevailing party can be determined as a matter of law. *Id.*

The court relied on *Lowery v. First National Bank of St. Louis,* 895 S.W.2d 200 (Mo.App.1995), which presented a similar issue. Plaintiff in *Lowery* purchased a certificate of deposit and titled it in her own name and in her brother's name, as joint tenants. Her brother gave a security interest in the certificate to a bank. The plaintiff was not informed that her brother had pledged the certificate and did not agree to such. When her brother died, the bank attempted to apply the certificate to the balance of his debt. This court determined that the joint tenancy was not terminated by the pledging of the certificate. Therefore, when her brother died, his interest in the certificate ended and title to the certificate vested solely in the plaintiff. Since her brother's ownership interest was extinguished and the bank had failed to obtain plaintiff's signature on the security agreement, we found that the bank had no interest in the certificate and was not entitled to a set-off against the certificate.

The Bank contends that the present situation is distinguishable from *Lowery.* In *Lowery* the plaintiff purchased a certificate and her brother later pledged it as collateral for a loan, whereas in the present case, Custer both purchased the CD and pledged it as collateral. The Bank argues that since Custer provided the source of funds for the purchase of the CD, this case should be treated differently than *Lowery.* The Bank maintains that we should examine the intention of Custer when he pledged the CD as collateral. We do not believe that *Lowery* is so limited.

*Lowery* determined the effect the death of a joint tenant had upon a secured creditor when that tenant had pledged a jointly held certificate as collateral without the other joint tenant's signature. The *Lowery* court determined that the bank's lien on the certificate was extinguished upon the death of the party who had pledged it. Nothing in that opinion indicated that the result would have been different had the party who pledged the certificate also supplied the source of funds for the certificate.

The *Lowery* opinion was based on an interpretation of § 362.470 RSMo 1994, regarding joint tenancy accounts. That statute, in relevant part, states:

1. ... The making of a deposit in such form, and the making of additions thereto, in the absence of fraud or undue influence, shall be conclusive evidence in any action or proceeding to which either the bank or trust company or any survivor is a party of the intention of all the parties to the account to vest title to the account and the additions thereto and all interest thereon in the survivor. ...

2. If more than two persons are named as such depositors and one of them dies, the deposit becomes the property of the survivors as joint tenants.

3. The pledge or assignment to the bank or trust company of all or part of a joint tenancy deposit or the interest thereon, signed by any joint tenant or tenants, whether minor or adult, upon whose signature or signatures withdrawals may be made from the account shall be a valid pledge or transfer to the bank or trust company of that part of the deposit pledged or assigned, and **shall not operate to sever or terminate the joint tenancy of or any part of the account, subject to the effect of the pledge or assignment.** ...

(emphasis ours)

The *Lowery* court found, as stated in § 362.470.3, that the pledge of the certificate as collateral did not sever the joint account. *Id.* at 202. Furthermore, the court ruled the § 362.470.1 allowed either joint tenant to pledge the CD, regardless of which one supplied the funds. *Id.* The bank only received a security interest equal to the interest of the person who pledged the certificate. *Id.* When that person died, the proceeds of the certificate passed to the surviving joint tenants and the bank's lien was extinguished. *Id.* The *Lowery* court said that if the bank had wanted the security interest in the collateral to survive the death of the tenant who had pledged it, it should have had all the joint tenants sign the security agreement. *Id.*

We find the *Lowery* decision controlling. Regardless of which joint tenant supplied the funds, any joint tenant could have cashed the CD or pledged the CD as collateral. Furthermore, regardless of which joint tenant supplied the funds for the purchase of the CD, ownership of the CD immediately vested in the surviving joint tenants upon the death of any joint tenant. Without the signatures of the surviving joint tenants on the note, the Bank is not entitled to any proceeds of the CD.

The grant of summary judgment by the court for the Koesters was not in error. Judgment is affirmed.

SIMON, J., concurs.

KAROHL, J., concurs in result.